MERYL L. YOUNG, SBN 110156
  myoung@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

PAUL J. COLLINS, SBN 187709
  pcollins@gibsondunn.com
MICHAEL J. KAHN, SBN 303289
  mjkahn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

MATTHEW J. KEMNER, SBN 188124
  matthew.kemner@squirepb.com
TROY M. YOSHINO, SBN 197850
  troy.yoshino@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:  415.743.2469
Facsimile:   415.393.9887

Attorneys for Defendants DAIMLER AG, DIETER
ZETSCHE, BODO UEBBER, and THOMAS WEBER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-02942-SJO-KS<br><br>**DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Complaint Filed:      April 29, 2016<br>Consol. Compl. Filed:  Oct. 11, 2016<br><br>Hon. S. James Otero |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-SJO-KS<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Gibson, Dunn &
Crutcher LLP

1   Defendants Daimler AG, Dieter Zetsche, Bodo Uebber, and Thomas Weber

2   (collectively, "Defendants") hereby respond to Plaintiffs' Consolidated Class Action

3   Complaint (the "Complaint" or "Compl."), filed on October 11, 2016 (Dkt. No. 38), as

4   follows:

5   Defendants deny any averments in the Table of Contents, headings,

6   subheadings, and, unless otherwise noted, footnotes of the Complaint.

7   Defendants admit that plaintiffs purport to bring this action as a class action, but

8   deny that this action may or should be maintained or properly prosecuted as a class

9   action, deny that the class defined by plaintiffs may be certified, and further deny that

10  any class may or should be certified in this action.  With respect to footnote 1,

11  Defendants admit that the categories of persons excluded from the putative class

12  plaintiffs attempt to define should be excluded.

13  Defendants are without knowledge or information sufficient to form a belief as

14  to the truth of the allegations regarding the basis of plaintiffs' information and belief,

15  and on that basis, deny those allegations.  Defendants deny that any evidentiary

16  support exists for the allegations set forth in the Complaint.

17  **I.     NATURE OF THE ACTION**

18  1.     Defendants admit that plaintiffs purport to bring this action as a class

19  action, but deny that this action may or should be maintained or properly prosecuted as

20  a class action, deny that the class defined by plaintiffs may be certified, and further

21  deny that any class may or should be certified in this action.  Defendants admit that the

22  definition of American Depository Receipts ("ADRs") set forth in footnote 2 is

23  accurate.  Defendants admit that Daimler AG sponsored a Level 1 ADR program in

24  September 2010, and that Deutsche Bank Trust Company Americas served as the

25  depositary bank for those sponsored Level 1 ADRs, which utilized the ticker symbol

26  DDAIY.  Defendants deny each and every remaining allegation in paragraph 1.

27  2.     The allegations in paragraph 2 state legal conclusions to which no

28  response is required.  To the extent an answer is required, Defendants admit that

Daimler AG has from time-to-time stated that its BlueTEC diesel vehicles are among "the cleanest diesel cars in the world" and that they are "as clean as a state-of-the-art gasoline engine," but respectfully refer the Court to the documents in which such statements appear for a complete and accurate description of their contents, and deny the remaining allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants deny the allegations in paragraph 4.

5.     Defendants admit that the U.S. Environmental Protection Agency ("EPA") issued a notice of violation of the Clean Air Act to Volkswagen AG on September 18, 2015, and respectfully refer the Court to that document for a complete and accurate description of its contents.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations about Volkswagen AG in paragraph 5, and on that basis deny them.

6.     Defendants respectfully refer the Court to the Daimler AG press releases and other statements cited in paragraph 6 for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in paragraph 6, except to respectfully refer the Court to the publicly reported stock price and over-the-counter trading information for the ADRs.

7.     Defendants deny the allegations in paragraph 7.

8.     Defendants respectfully refer the Court to the publications of governmental and non-governmental organizations cited in paragraph 8 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 8.

9.     Defendants admit that Nitrogen Oxide ("NOx") can be found in exhaust emitted from diesel engines if untreated, and otherwise deny the allegations in paragraph 9.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

10.     The allegations in paragraph 10 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 10.

11.     Defendants admit that in February 2016, Daimler AG was engaged in an ongoing dialogue with EPA concerning diesel emissions, but otherwise deny the allegations in paragraph 11.

12.     Defendants respectfully refer the Court to the April 22, 2016[1] Daimler AG Press Release cited in paragraph 12 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 12.

13.     Defendants deny that, on April 21, 2016, the German Federal Motor Transport Authority ("KBA") found that any Daimler AG diesel vehicles utilized "defeat devices" and respectfully refer the Court to the April 21, 2016 KBA report cited in paragraph 13 for a complete and accurate description of its contents. Defendants deny the remaining allegations in paragraph 13.

14.     Defendants respectfully refer the Court to the April 22, 2016 news articles cited in paragraph 14 for a complete and accurate description of their contents. Defendants deny that Daimler AG recalled vehicles in Germany in April 2016. Defendants respectfully refer the Court to the publicly reported stock price and trading information for the ADRs, and otherwise deny the allegations in paragraph 14.

## II.     JURISDICTION AND VENUE

15.     The allegations in paragraph 15 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that plaintiffs purport to bring causes of action pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, but deny that these claims are proper.

---

[1] Paragraph 12 erroneously states the date of this press release as April 21, 2016.

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

Gibson, Dunn & Crutcher LLP

16.    The allegations in paragraph 16 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that plaintiffs allege this action is within the subject matter jurisdiction of this Court under 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

17.    The allegations in paragraph 17 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that plaintiffs allege that venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Defendants admit that the Daimler AG subsidiary Mercedes-Benz Research and Development North America, Inc. has offices in Long Beach, California, but otherwise deny the allegations in paragraph 17.

18.    The allegations in paragraph 18 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 18.

III.    PARTIES

A.    Lead Plaintiff

19.    Defendants admit that the Court's Order of July 20, 2016 appointed the Public School Retirement System of the School District of Kansas City, Missouri as the lead plaintiff in this action.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis deny them.

B.    Defendants

20.    Defendants admit that Daimler AG is incorporated in Germany and maintains its principal offices in Stuttgart, Germany.  Defendants deny that Daimler AG does anything "through" its subsidiaries or that it "operates in the United States through" any subsidiaries.  Defendants otherwise admit the allegations in paragraph 20.

21.     Paragraph 21 purports to allege facts concerning MBUSA and therefore no response is required because plaintiffs' claims against MBUSA were dismissed by the Court's Order of May 31, 2017.

22.     Defendants admit that Dr. Dieter Zetsche is currently the Chairman of the Board of Management of Daimler AG and Head of the Mercedes-Benz Cars Division, and held these positions during the Class Period alleged in the Complaint.  Defendants admit that Dr. Zetsche graduated as an engineer in 1976 from the University of Karlsruhe and obtained a doctorate in engineering in 1982 at the University of Paderborn. Defendants admit that Dr. Zetsche joined the Research Division of Daimler-Benz AG in 1976.  Defendants admit that since 1976, Dr. Zetsche has held multiple positions within Daimler AG, including President of Mercedes-Benz Argentina, President of Freightliner, Chief Engineer of the Development Division in the Passenger Cars Business Unit, and CEO and President of the Chrysler Group. Defendants admit that Dr. Zetsche has been a member of Daimler AG's Board of Management since 1998.  Defendants otherwise deny that the allegations in paragraph 22 present a fair and complete description of the matters described therein.

23.     The allegations in paragraph 23 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 23.

24.     Defendants admit that Bodo Uebber is currently a member of the Board of Management of Daimler AG, is responsible for Finance & Controlling, Mergers & Acquisitions, the Daimler Financial Services Division, and that he held these positions during the Class Period alleged in the Complaint.  Defendants admit that Mr. Uebber graduated from the Technical University of Karlsruhe after studying engineering and economics.  Defendants admit that since 1985, Mr. Uebber has held various positions at Daimler AG, including Chief Financial Officer and Chairman of the Board of Management of DaimlerChrysler Services AG.  Defendants admit that Mr. Uebber was

first appointed to Daimler AG's Board of Management in 2003.  Defendants otherwise deny the allegations in paragraph 24.

25.     The allegations in paragraph 25 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 25.

26.     Defendants admit that during the Class Period alleged in the complaint, Prof. Dr. Thomas Weber was a member of the Board of Management of Daimler AG and the Head of Group Research & Mercedes-Benz Cars Development.  Defendants admit that Prof. Dr. Weber was appointed to the Board of Management in 2003. Defendants admit that Prof. Dr. Weber graduated as an engineer in 1980 from the University of Stuttgart and completed a doctorate from the University of Stuttgart in 1987.  Defendants admit that since 1987, Prof. Dr. Weber has held various positions at Daimler AG, including Vice President and Speaker of the Model Series A-Class, Rastatt Plant Manager, Mercedes-Benz Engine Production Center Manager in Stuttgart, and Director of Bad Canstatt engine plant, and Assistant to the Board of Management for Passenger Car Production and Commercial Vehicle Development. Defendants otherwise deny the allegations in paragraph 26.

27.     Defendants respectfully refer the Court to the statement of Daimler AG's Chairman of the Supervisory Board cited in paragraph 27 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 27.

28.     The allegations in paragraph 28 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 28.

29.     The allegations in paragraph 29 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit that each of the individual defendants participated in the management of Daimler AG during the putative Class Period and that each has served on Daimler AG's Board of

Management, but deny the remaining allegations in paragraph 29, including all subparts.

30.     The allegations in paragraph 30 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 30.

31.     The allegations in paragraph 31 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 31.

## IV.     FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

32.     Defendants admit that the first diesel-powered passenger vehicle produced by Daimler AG was the 260D sedan in 1936.  Defendants admit that torque and fuel economy are some of the benefits of diesel engines.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about "competitors" in paragraph 32, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 32.

33.     Defendants admit that gasoline-powered engines tend to emit more carbon dioxide than comparable diesel-powered engines.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about the history of carbon dioxide emissions regulations in paragraph 33, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 33.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis deny them.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis deny them.

36.     Defendants respectfully refer the Court to the 2012 Daimler AG Annual Report, from which the Daimler AG revenue figures appear to have been drawn, for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in paragraph 36.

37.     Defendants respectfully refer the Court to the 2012 Daimler AG Annual Report, from which the Daimler AG revenue figures appear to have been drawn, for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about the history of emissions regulations in paragraph 38, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 38.

39.     Defendants admit that diesel-powered engines tend to provide more torque and fuel efficiency, lower carbon dioxide emissions, and higher NOx emissions than comparable gasoline-powered engines if untreated.  Defendants otherwise deny the allegations in paragraph 39.

40.     Defendants admit that regulations in both the U.S. and the E.U. address NOx emissions, among other things, but respectfully refer the Court to the relevant regulations and statutory provisions for a complete and accurate description of their contents.

41.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 41 for a complete and accurate description of their contents.  Defendants deny that paragraph 41 is a fair and complete summary of the regulations and statutory provisions described therein.  Defendants deny the remaining allegations in paragraph 41.

42.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 42 for a complete and accurate description of their contents.  Defendants deny that paragraph 42 is a fair and complete summary of the regulations and statutory provisions described therein.  Defendants otherwise deny the allegations in paragraph 42.

43.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 43 for a complete and accurate description of their

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

contents.  Defendants deny that paragraph 43 is a fair and complete summary of the regulations and statutory provisions described therein.

44.     Defendants respectfully refer the Court to the website cited in paragraph 44 for a complete and accurate description of its contents.  Defendants also respectfully refer the Court to the regulations and statutory provisions cited in paragraph 44 for a complete and accurate description of their contents.  Defendants deny that paragraph 44 is a fair and complete summary of the regulations and statutory provisions described therein.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about European regulators, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 45.

46.     Defendants respectfully refer the Court to the statement of Prof. Dr. Weber at the 2008 New York Auto Show cited in paragraph 46 for a complete and accurate description of its contents, admit that U.S. and E.U. law requires vehicles to be certified as compliant with a variety of regulations prior to sale (the content of such regulations speaking for themselves), and otherwise deny the allegations in paragraph 46.

47.     Defendants respectfully refer the Court to the 2005 Daimler AG Annual Report cited in paragraph 47 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 47.

48.     Defendants respectfully refer the Court to the 2013 Daimler AG Annual Report cited in paragraph 48 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 48.

49.     Defendants respectfully refer the Court to the 2012 Daimler AG Annual Report cited in paragraph 49 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 49.

50.     Defendants respectfully refer the Court to the statement of Dr. Zetsche at the 2006 Detroit Auto Show cited in paragraph 50 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 50.

51.     Defendants respectfully refer the Court to the 2006 statement of Prof. Dr. Weber cited in paragraph 51 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 51.

52.     Defendants respectfully refer the Court to the statement of Prof. Dr. Weber at the 2008 New York Auto Show cited in paragraph 52 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 52.

53.     Defendants admit that U.S. and E.U. law requires vehicles to be certified as compliant with a variety of regulations prior to sale and respectfully refer the Court to the regulations and statutory provisions cited in paragraph 53 for a complete and accurate description of their contents.  Defendants deny that paragraph 53 is a fair and complete summary of the regulations and statutory provisions described therein.

54.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 54 for a complete and accurate description of their contents.  Defendants deny that paragraph 54 is a fair and complete summary of the regulations and statutory provisions described therein.

55.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 55 for a complete and accurate description of their contents.  Defendants deny that paragraph 55 is a fair and complete summary of the regulations and statutory provisions described therein.

56.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 56 for a complete and accurate description of their contents.  Defendants deny that paragraph 56 is a fair and complete summary of the regulations and statutory provisions described therein.  Defendants lack information

1    sufficient to admit or deny the allegations in footnote 4 and, on that basis, deny them.

2    Defendants otherwise deny the allegations in paragraph 56.

3        57.    Defendants respectfully refer the Court to the regulations and statutory

4    provisions cited in paragraph 57 for a complete and accurate description of their

5    contents.  Defendants deny that paragraph 57 is a fair and complete summary of the

6    regulations and statutory provisions described therein.

7        58.    Defendants respectfully refer the Court to the regulations and statutory

8    provisions cited in paragraph 58 for a complete and accurate description of their

9    contents.  Defendants deny that paragraph 58 is a fair and complete summary of the

10   regulations and statutory provisions described therein.  Defendants otherwise deny the

11   allegations in paragraph 58.

12       59.    Defendants admit that calendar year 2006 was the first year in which

13   Mercedes-Benz diesel vehicles were sold in the U.S. with an emissions control system

14   referred to as "BlueTEC."  Defendants respectfully refer the Court to the Daimler AG

15   statements cited in paragraph 59 for a complete and accurate description of their

16   contents.  Defendants otherwise deny the allegations in paragraph 59.

17       60.    Defendants deny the allegations in paragraph 60.

18       61.    Defendants admit that power, fuel economy, and emissions are some of

19   the factors that must be taken into account when designing a motor vehicle, but

20   otherwise deny that paragraph 61 provides a fair and complete summary of the matters

21   described therein.  Defendants otherwise deny the allegations in paragraph 61.

22       62.    Defendants respectfully refer the Court to the statements of Don

23   Hillebrand and John Herner cited in paragraph 62 for a complete and accurate

24   description of their contents, and otherwise deny the allegations in paragraph 62.

25       63.    Defendants respectfully refer the Court to 40 C.F.R. § 86.1803-01 for a

26   complete and accurate description of its contents.  Defendants admit that the emissions

27   control system in a motor vehicle comprises numerous components, including

28   components in the engine and exhaust system.  Defendants admit that a vehicle's

1   Engine Control Unit is one element of its emissions control system.  Defendants

2   otherwise deny that paragraph 63 provides a fair and complete summary of the matters

3   described therein.

4       64.    Defendants admit that the emissions control systems in diesel vehicles can

5   include exhaust gas recirculation systems, diesel oxidation catalysts, diesel particulate

6   filters, and selective catalytic reduction systems.  Defendants otherwise deny that

7   paragraph 64 provides a fair and complete summary of the matters described therein.

8       65.    Defendants admit that the two of the elements comprising the BlueTEC

9   emissions control systems are a selective catalytic reduction system and an exhaust gas

10  recirculation system.  Defendants admit that the Engine Control Unit interacts with

11  these systems.  Defendants otherwise deny that paragraph 65 provides a fair and

12  complete summary of the matters described therein.

13      66.    Defendants admit that, during vehicle operation, the emissions control

14  systems in modern vehicles will adjust their functioning to account for changes in

15  relevant conditions, including conditions within the vehicle and within the surrounding

16  environment.  The allegations that the system "should have been designed" in the

17  claimed way state legal conclusions to which no response is required.  To the extent a

18  response is required, Defendants deny that the emissions control systems in the

19  vehicles at issue "shut off outside the formal testing environment," and otherwise deny

20  the allegations in paragraph 66.

21      67.    Defendants admit that the Engine Control Unit in the vehicles at issue

22  interacts with various components of the emissions control system and takes into

23  account numerous factors, including conditions within the vehicle and within the

24  surrounding environment, during those interactions.  Defendants otherwise deny the

25  allegations in paragraph 67.

26      68.    Defendants admit that vehicles sold by Daimler AG or its affiliates pass

27  applicable regulatory emissions tests.  Defendants deny that the emissions control

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

1    systems in the vehicles at issue "disengage under a wide variety of environmental

2    conditions," and otherwise deny the allegations in paragraph 68.

3         69.    Defendants deny the allegations in paragraph 69.

4         70.    Defendants are without knowledge or information sufficient to form a

5    belief as to the truth of the allegations about air temperatures, and on that basis deny

6    them.  Defendants otherwise deny the allegations in paragraph 70.

7         71.    Defendants admit that certification of emissions compliance through

8    highly regulated emissions tests is a necessary predicate to regulatory approval for

9    sale.  Defendants otherwise deny the allegations in paragraph 71.

10        72.    The allegations in paragraph 72 state legal conclusions to which no

11   response is required.  Defendants respectfully refer the Court to the regulations and

12   statutory provisions cited in paragraph 72, including 40 C.F.R. § 86.1803-01, for a

13   complete and accurate description of their contents.  Defendants deny that paragraph

14   72 is a fair and complete summary of the regulations and statutory provisions

15   described therein.

16        73.    Defendants respectfully refer the Court to the regulations and statutory

17   provisions cited in paragraph 73 for a complete and accurate description of their

18   contents.  Defendants deny that paragraph 73 is a fair and complete summary of the

19   regulations and statutory provisions described therein.  Defendants deny that they have

20   ever acknowledged that "the software governing the BlueTEC's Engine Control Unit is

21   an AECD, as it senses the ambient temperature and reduces the effectiveness of the

22   emissions control system below, at, or around 50 degrees Fahrenheit."

23        74.    The allegations in paragraph 74 state legal conclusions to which no

24   response is required.  To the extent an answer is required, Defendants respectfully refer

25   the Court to the regulations and statutory provisions cited in paragraph 74, including

26   40 C.F.R. § 86.1803-01, for a complete and accurate description of their contents.

27   Defendants deny that paragraph 74 is a fair and complete summary of the regulations

28   and statutory provisions described therein.

75.     Defendants respectfully refer the Court to the regulations and statutory provisions, and to the International Council on Clean Transportation commentary, cited in paragraph 75 for a complete and accurate description of their contents. Defendants deny that paragraph 75 is a fair and complete summary of the regulations and statutory provisions described therein.

76.     Defendants respectfully refer the Court to 40 C.F.R. § 86.1809-01(d) for a complete and accurate description of its contents.  Defendants deny that paragraph 76 is a fair and complete summary of the regulations and statutory provisions described therein.

77.     Defendants respectfully refer the Court to the regulations and statutory provisions cited in paragraph 77, including Regulation (EC) No. 715/2007 Art. 3, par. 10, for a complete and accurate description of their contents.  Defendants deny that paragraph 77 is a fair and complete summary of the regulations and statutory provisions described therein.

78.     The allegations in paragraph 78 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants refer the Court to Regulation (EC) No. 715/2007 Art. 5, par. 1 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 78.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about Volkswagen in paragraph 79, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 79.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about Volkswagen in paragraph 80, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 80.

81.     Defendants respectfully refer the Court to the Daimler AG press releases and other statements cited in paragraph 81 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 81.

82.     Defendants admit that they launched a voluntary service campaign in June 2015 for some Mercedes-Benz vans sold in the U.S., but deny that this campaign was launched because the vehicles did not comply with applicable regulations.  Defendants respectfully refer the Court to the quoted material cited in paragraph 82 for a complete and accurate description of their contents.  Defendants otherwise deny the allegations in paragraph 82.

83.     The allegations in paragraph 83 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny that the voluntary service campaign was launched because the vehicles "had emissions control systems that violated governmental emissions regulations," and otherwise deny the allegations in paragraph 83.

84.     Defendants respectfully refer the Court to the February 2, 2016 Forbes article cited in paragraph 84 for a complete and accurate description of its contents. Defendants otherwise deny the allegations in paragraph 84.

85.     Defendants respectfully refer the Court to the February 2, 2016 Forbes article cited in paragraph 85 for a complete and accurate description of its contents. Defendants deny that they stated that "the BlueTEC system" deactivates, but admit that functions needed to protect the engine and vehicle are not defeat devices.  Defendants otherwise deny the allegations in paragraph 85.

86.     Defendants respectfully refer the Court to the 2015 Daimler AG Annual Report cited in paragraph 86 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 86.

87.     Defendants respectfully refer the Court to the transcript of Dr. Zetsche's statement at the April 6, 2016[2] Daimler AG Annual Shareholders' Meeting cited in paragraph 87 for a complete and accurate description of its contents.  Defendants otherwise deny the allegations in paragraph 87.

_____

[2] Paragraph 87 erroneously states the date of this meeting as April 4, 2016.

Gibson, Dunn & Crutcher LLP

15

010-8508-0543/2/AMERICAS

88.     Defendants respectfully refer the Court to the April 21, 2016 report of the KBA and the April 22, 2016[3] Daimler AG Press Release cited in paragraph 88 for a complete and accurate description of their contents.  Defendants deny that, on April 21, 2016, the KBA "announced that at least two Mercedes diesel cars used defeat devices," and otherwise deny the allegations in paragraph 88.

89.     Defendants respectfully refer the Court to the April 22, 2016 news articles cited in paragraph 89 for a complete and accurate description of their contents. Defendants deny the remaining allegations set forth in paragraph 89, including that they have ever stated that the emissions control systems in any Mercedes-Benz vehicles "were programmed to only be engaged in temperatures above 50°F" and that Daimler AG recalled vehicles in Germany in April 2016.

90.     Defendants admit that as of August 2016, EPA was still in the process of reviewing Daimler AG's applications for diesel vehicles.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about BMW, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 90.

91.     Defendants respectfully refer the Court to the September 2016 statements of Kelley Blue Book for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 91.

92.     Defendants respectfully refer the Court to the publications of governmental and non-governmental organizations cited in paragraph 92 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 92.

93.     Defendants respectfully refer the Court to the publications of governmental and non-governmental organizations cited in paragraph 93 for a

---

[3] Paragraph 88 erroneously states the date of this press release as April 21, 2016.

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

Gibson, Dunn & Crutcher LLP

010-8508-0543/2/AMERICAS

complete and accurate description of their contents, and otherwise deny the allegations in paragraph 93.

94.    Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 94 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 94.

95.    Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 95 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 95.

96.    Defendants respectfully refer the Court to the TNO report cited in paragraph 96 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 96.

97.    Defendants respectfully refer the Court to the September 2016 report of Transport & Environment cited in paragraph 97 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 97.

98.    Defendants respectfully refer the Court to the September 2016 report of Transport & Environment cited in paragraph 98 for a complete and accurate description of its contents.  Defendants deny that the Transport & Environment report attributed the results of any tests of Mercedes-Benz vehicles to "cheating techniques," and otherwise deny the allegations in paragraph 98.

99.    Defendants deny the allegations in paragraph 99, and specifically deny that they have ever "acknowledged that its emissions control systems incorporated a defeat device" or that the diesel emissions control systems in any Mercedes-Benz vehicles were "restricted" at ambient temperatures below 50°F.

100.   Defendants admit that Daimler AG presented its 2011 Annual Report on February 22, 2012, and that page 1 and the "Responsibility Statement" on page 250 of that report are signed by each of the Individual Defendants.  Defendants admit that the plaintiffs purport to define the Class Period as beginning on February 22, 2012, but deny that this definition is proper.

101.   Defendants respectfully refer the Court to the 2011 Daimler AG Annual Report cited in paragraph 101 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 101.

102.   The allegations in paragraph 102 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 102.

103.   The allegations in paragraph 103 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 103.

104.   Defendants admit that page 1 and the "Responsibility Statement" on page 278 of the 2012 Daimler AG Annual Report are signed by each of the Individual Defendants and that page 278 is dated February 21, 2013.

105.   Defendants respectfully refer the Court to the 2012 Daimler AG Annual Report cited in paragraph 105 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 105.

106.   The allegations in paragraph 106 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 106.

107.   The allegations in paragraph 107 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 107.

108.   Defendants respectfully refer the Court to the September 11, 2013 MBUSA Press Release cited in paragraph 108 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 108.

109.   The allegations in paragraph 109 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 109.

110.   The allegations in paragraph 110 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 110.

111.   Defendants admit that page 1 and the "Responsibility Statement" on page 276 of the 2013 Daimler AG Annual Report are signed by each of the Individual Defendants and that page 276 is dated February 18, 2014.

112.   Defendants respectfully refer the Court to the 2013 Daimler AG Annual Report cited in paragraph 112 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 112.

113.   The allegations in paragraph 113 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 113.

114.   The allegations in paragraph 114 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 114.

115.   Defendants admit that the "Responsibility Statement" on page 284 of the 2014 Daimler AG Annual Report was signed by each of the Individual Defendants and is dated February 13, 2015.

116.   Defendants respectfully refer the Court to the 2014 Daimler AG Annual Report cited in paragraph 116 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 116.

117.   The allegations in paragraph 117 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 117.

118.   The allegations in paragraph 118 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 118.

119.   Defendants admit they have denied that the issues found in Volkswagen vehicles are found in Mercedes-Benz vehicles.  Defendants otherwise deny the allegations in paragraph 119.

120.   Defendants respectfully refer the Court to the September 21, 2015 Reuters article cited in paragraph 120 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 120.

121.   Defendants respectfully refer the Court to the September 25, 2015 Daimler AG Press Release cited in paragraph 121 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 121.

122.   The allegations in paragraph 122 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 122.

123.   The allegations in paragraph 123 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 123.

124.   Defendants admit that Daimler AG held its Third Quarter 2015 Earnings Conference Call on October 22, 2015.

125.   Defendants respectfully refer the Court to the transcript of the October 22, 2015 conference call cited in paragraph 125 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 125.

126.   The allegations in paragraph 126 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 126.

127.   Defendants respectfully refer the Court to the January 28, 2016[4] Daimler AG Press Release cited in paragraph 127 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 127.

---

[4] Paragraph 127 erroneously states the date of this press release as January 29, 2016.

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

Gibson, Dunn & Crutcher LLP

010-8508-0543/2/AMERICAS

128.   The allegations in paragraph 128 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 128.

129.   The allegations in paragraph 129 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 129.

130.   Defendants respectfully refer the Court to the February 2, 2016 Forbes article cited in paragraph 130 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 130.

131.   The allegations in paragraph 131 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 131.

132.   The allegations in paragraph 132 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 132.

133.   Defendants admit that Daimler AG held an Annual Shareholders' Meeting on April 6, 2016, and otherwise admit the allegations in paragraph 133.

134.   Defendants respectfully refer the Court to the transcript of Dr. Zetsche's statement at the April 6, 2016 meeting cited in paragraph 134 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 134.

135.   The allegations in paragraph 135 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 135.

136.   Defendants admit that the "Responsibility Statement" on page 284 of the 2015 Daimler AG Annual Report was signed by each of the Individual Defendants and is dated February 16, 2016.

1      137.   Defendants respectfully refer the Court to the 2015 Daimler AG Annual

2   Report cited in paragraph 137 for a complete and accurate description of its contents,

3   and otherwise deny the allegations in paragraph 137.

4      138.   The allegations in paragraph 138 state legal conclusions to which no

5   response is required.  To the extent an answer is required, Defendants deny the

6   allegations in paragraph 138.

7      139.   Defendants respectfully refer the Court to the 2015 Daimler AG Annual

8   Report cited in paragraph 139 for a complete and accurate description of its contents,

9   and otherwise deny the allegations in paragraph 139.

10      140.   The allegations in paragraph 140 state legal conclusions to which no

11   response is required.  To the extent an answer is required, Defendants deny the

12   allegations in paragraph 140.

13      141.   Defendants respectfully refer the Court to the September 21, 2015

14   Transport & Environment article cited in paragraph 141 for a complete and accurate

15   description of its contents, and otherwise deny the allegations in paragraph 141.

16      142.   Defendants respectfully refer the Court to the September 21, 2015

17   Transport & Environment article cited in paragraph 142 for a complete and accurate

18   description of its contents, and otherwise deny the allegations in paragraph 142.

19      143.   Defendants respectfully refer the Court to the September 21, 2015

20   Transport & Environment article cited in paragraph 143 for a complete and accurate

21   description of its contents, and otherwise deny the allegations in paragraph 143.

22      144.   Defendants deny the allegations in paragraph 144, except to respectfully

23   refer the Court to publicly reported price and trading information.

24      145.   The allegations in paragraph 145 state legal conclusions to which no

25   response is required.  To the extent an answer is required, Defendants deny the

26   allegations in paragraph 145.

27

28

146.   The allegations in paragraph 146 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 146.

147.   Defendants respectfully refer the Court to the April 22, 2016[5] Daimler AG Press Release cited in paragraph 147 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 147.

148.   Defendants respectfully refer the Court to the Morningstar commentary cited in paragraph 148 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 148.

149.   Defendants respectfully refer the Court to the Natixis, Morgan Stanley, and Barclays commentary cited in paragraph 149 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 149.

150.   Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 150 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 150.

151.   Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 151 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 151.

152.   Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 152 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 152.

153.   Defendants respectfully refer the Court to the April 21, 2016 report of the KBA, and the April 22, 2016 Reuters and Financial Times articles cited in paragraph 153 for a complete and accurate description of their contents, and otherwise deny the allegations in paragraph 153.

---

[5] Paragraph 147 erroneously states the date of this press release as April 21, 2016.

154.   Defendants respectfully refer the Court to the Societe Generale commentary cited in paragraph 154 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 154.

155.   Defendants deny the allegations in paragraph 155, except to respectfully refer the Court to publicly reported price and trading information.

156.   The allegations in paragraph 156 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 156.

157.   The allegations in paragraph 157 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 157.

158.   The allegations in paragraph 158 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 158.

159.   The allegations in paragraph 159 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 159.

160.   The allegations in paragraph 160 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 160.

161.   The allegations in paragraph 161 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 161, except to respectfully refer the Court to publicly reported price and trading information.

162.   The allegations in paragraph 162 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 162.

163.   The allegations in paragraph 163 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 163.

164.   The allegations in paragraph 164 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 164.

165.   The allegations in paragraph 165 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 165.

166.   The allegations in paragraph 166 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 166, except to respectfully refer the Court to publicly reported price and trading information.

167.   Defendants respectfully refer the Court to the April 22, 2016[6] Daimler AG Press Release cited in paragraph 167 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 167.

168.   Defendants respectfully refer the Court to the April 22, 2016 Daimler AG Press Release cited in paragraph 168 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 168.

169.   Defendants respectfully refer the Court to the April 21, 2016 report of the KBA cited in paragraph 169 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 169.

170.   Defendants respectfully refer the Court to the Reuters and Financial Times articles cited in paragraph 170 for a complete and accurate description of its contents, and otherwise deny the allegations in paragraph 170.

[6] Paragraph 167 erroneously states the date of this press release as April 21, 2016.

171.   Defendants deny the allegations in paragraph 171, except to respectfully refer the Court to publicly reported price and trading information.

172.   The allegations in paragraph 172 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 172.

173.   The allegations in paragraph 173 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 173.

174.   The allegations in paragraph 174 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 174.

175.   The allegations in paragraph 175 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 175.

176.   Defendants admit that plaintiffs purport to bring this action as a class action, but deny that this action may or should be maintained or properly prosecuted as a class action, deny that the putative class defined by plaintiffs may be certified, and further deny that any putative class may or should be certified in this action. Defendants admit that the categories of persons excluded from the putative class plaintiffs attempt to define in paragraph 176 should be excluded.

177.   The allegations in paragraph 177 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 177.  Defendants also deny that this action may or should be maintained or properly prosecuted as a class action, deny that the putative class defined by plaintiffs may be certified, and further deny that any putative class may or should be certified in this action.

178.   The allegations in paragraph 178 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the

1   allegations in paragraph 178, including all subparts.  Defendants also deny that this

2   action may or should be maintained or properly prosecuted as a class action, deny that

3   the putative class defined by plaintiffs may be certified, and further deny that any

4   putative class may or should be certified in this action.

5   179.   The allegations in paragraph 179 state legal conclusions to which no

6   response is required.  To the extent an answer is required, Defendants deny the

7   allegations in paragraph 179.  Defendants also deny that this action may or should be

8   maintained or properly prosecuted as a class action, deny that the putative class

9   defined by plaintiffs may be certified, and further deny that any putative class may or

10   should be certified in this action.

11   180.   The allegations in paragraph 180 state legal conclusions to which no

12   response is required.  To the extent an answer is required, Defendants deny the

13   allegations in paragraph 180.  Defendants also deny that this action may or should be

14   maintained or properly prosecuted as a class action, deny that the putative class

15   defined by plaintiffs may be certified, and further deny that any putative class may or

16   should be certified in this action.

17   181.   The allegations in paragraph 181 state legal conclusions to which no

18   response is required.  To the extent an answer is required, Defendants deny the

19   allegations in paragraph 181.

20   182.   To the extent the allegations in paragraph 182 state legal conclusions, no

21   response is required.  To the extent an answer is required, Defendants deny that

22   "Daimler ADRs . . . were actively traded on highly efficient over-the-counter markets

23   under the ticker symbols 'DDAIY' and 'DDAIF,'" and otherwise deny the allegations

24   in paragraph 182.

25   183.   To the extent the allegations in paragraph 183 state legal conclusions, no

26   response is required.  To the extent an answer is required, Defendants deny the

27   allegations in paragraph 183.

28

184.   The allegations in paragraph 184 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 184.

185.   The allegations in paragraph 185 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 185.

## XII.   CAUSES OF ACTION

### COUNT I

186.   Defendants repeat and reallege their answers to paragraphs 1-185.  The allegations in paragraph 186 state legal conclusions to which no response is required. To the extent an answer is required, Defendants admit that plaintiffs bring a cause of action pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, but deny that the claim has merit.

187.   The allegations in paragraph 187 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 187.

188.   The allegations in paragraph 188 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 188.

189.   The allegations in paragraph 189 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 189.

190.   The allegations in paragraph 190 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 190.

191.   The allegations in paragraph 191 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 191.

192.   The allegations in paragraph 192 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 192.

193.   The allegations in paragraph 193 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 193.

194.   The allegations in paragraph 194 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 194.

195.   The allegations in paragraph 195 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 195.

196.   The allegations in paragraph 196 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 196.

## COUNT II

197.   Defendants repeat and reallege their answers to paragraphs 1-196.  The allegations in paragraph 197 state legal conclusions to which no response is required. To the extent an answer is required, Defendants admit that plaintiffs bring a cause of action pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), but deny that the claim has merit.

198.   Defendants admit that during the Class Period alleged in the complaint, Dr. Dieter Zetsche was the Chairman of the Board of Management of Daimler AG and Head of the Mercedes-Benz Cars Division; Bodo Uebber was a member of the Board of Management of Daimler AG and was responsible for Finance & Controlling, Mergers & Acquisitions, and the Daimler Financial Services Division; and Prof. Dr. Thomas Weber was a member of the Board of Management of Daimler AG and the

Head of Group Research & Mercedes-Benz Cars Development.  Defendants otherwise deny the allegations of paragraph 198.

199.   The allegations in paragraph 199 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 199.

200.   The allegations in paragraph 200 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 200.

201.   The allegations in paragraph 201 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 201.

202.   The allegations in paragraph 202 state legal conclusions to which no response is required.  To the extent paragraph 202 purports to allege facts concerning a Section 20(a) control person relationship over MBUSA, no response is required because plaintiffs' claims concerning such a relationship were dismissed pursuant to the Court's Order dated May 31, 2017, and Defendants otherwise deny the allegations in paragraph 202 to the extent an answer is required.

203.   The allegations in paragraph 203 state legal conclusions to which no response is required.  To the extent paragraph 203 purports to allege facts concerning a Section 20(a) control person relationship over MBUSA, no response is required because plaintiffs' claims concerning such a relationship were dismissed pursuant to the Court's Order dated May 31, 2017, and Defendants otherwise deny the allegations in paragraph 203 to the extent an answer is required.

## **PRAYER FOR RELIEF**

No response to the Prayer for Relief is required.  To the extent a response may be deemed required, Defendants deny that plaintiffs are entitled to the relief requested or any other relief.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants allege the following as affirmative defenses to the allegations in the Complaint:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claim against Defendants fails because there was no false statement, as the positions taken were consistent with the standards applicable at the time.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack standing to bring this action or seek the relief requested.

### FOURTH DEFENSE

Plaintiffs have failed to plead their claims against Defendants with particularity.

### FIFTH DEFENSE

Plaintiffs may not seek equitable relief because they have an adequate remedy at law.

### SIXTH DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitations.

### SEVENTH DEFENSE

Plaintiffs' claims were not brought within a reasonable time after they were or should have been discovered and therefore are barred by the doctrine of laches. Defendants have been prejudiced by plaintiffs' delay in bringing stale, tardy claims.

### EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent they are moot.

### NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands, waiver and/or estoppel.

Gibbon, Dunn &
Crutcher LLP

010-8508-0543/2/AMERICAS

1

## TENTH DEFENSE

2      There are superseding and/or intervening causes for the damages, if any,

3  incurred by plaintiffs that bar recovery against Defendants.

## ELEVENTH DEFENSE

5      Plaintiffs' claims are barred to the extent any injury they sustained was caused

6  by the negligent conduct of persons for whose conduct Defendants bear no

7  responsibility.

## TWELFTH DEFENSE

9      Plaintiffs' claims are barred in whole or in part because Plaintiffs have not

10  suffered any damages as a result of Defendants' conduct because Plaintiffs have failed

11  to mitigate damages.

## THIRTEENTH DEFENSE

13      Plaintiffs' damages, if any, are speculative, and thus are not recoverable.

## FOURTEENTH DEFENSE

15      Plaintiffs did not suffer any losses, and thus cannot recover any damages.

## FIFTEENTH DEFENSE

17      Plaintiffs' damages, if any, are limited by 15 U.S.C. § 78u-4.

## SIXTEENTH DEFENSE

19      Defense Plaintiffs' claims are barred in whole or in part because of the

20  "bespeaks caution" doctrine.

## SEVENTEENTH DEFENSE

22      Defendants are not liable for any alleged misstatements that were forward-

23  looking statements and/or contained sufficient cautionary language and risk disclosure.

## EIGHTEENTH DEFENSE

25      Plaintiffs' claims are barred in whole or in part because of the lack of loss

26  causation.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

1

## NINETEENTH DEFENSE

Defendants are not liable because Plaintiffs' alleged losses were not actually or proximately caused by Defendants.

## TWENTIETH DEFENSE

Any damages or injuries suffered by Plaintiffs are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Defendants.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because at all relevant times, Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in the public statements, and had no duty to verify, opine upon, audit, review, or correct such information disclosed in the public statements.

## TWENTY-THIRD DEFENSE

At the time and place mentioned in the Complaint, Defendants violated no legal duty owing by it to plaintiffs.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs or disbursements.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to deprive Defendants of procedural and substantive safeguards, including but not limited to traditional defenses to liability, in violation of the due process clause of the United States Constitution and the analogous provisions of any applicable state constitutions.

1

## TWENTY-SIXTH DEFENSE

2     Other parties not named in the Complaint may be indispensable parties to this

3     action.

4

## TWENTY-SEVENTH DEFENSE

5     Plaintiffs' claims fail due to prior knowledge.

6

## TWENTY-EIGHTH DEFENSE

7     Plaintiffs' claims fail because some or all of the transactions at issue are not

8     "domestic" under *Morrison v. National Australia Bank*.

9

## TWENTY-NINTH DEFENSE

10     Plaintiffs' proposed class is improper.

11

## THIRTIETH DEFENSE

12     Defendants deny all allegations not expressly admitted and specifically reserve

13     all affirmative or other defenses that they may have.  Defendants reserve the right to

14     raise such additional affirmative defenses as may be established during discovery and

15     by evidence in this case.

16

17     Wherefore, Defendants pray for judgment as follows:

18     1.     That plaintiffs and the putative class take nothing;

19     2.     That the Court enter judgment in favor of Defendants on each cause of

20     action alleged against it in the Complaint;

21     3.     That Defendants be awarded their costs, expenses, and reasonable

22     attorneys' fees; and

23     4.     That the Court grant Defendants all further legal and equitable relief that

24     it deems just and proper.

25

## JURY TRIAL DEMANDED

26     Defendants hereby demand a trial by jury on all claims triable by jury.

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT, No. 16-CV-02942-SJO-KS

010-8508-0543/2/AMERICAS

1

Dated:  July 28, 2017

GIBSON, DUNN & CRUTCHER LLP
SQUIRE PATTON BOGGS (US) LLP

2

3

By:  /s/ Paul J. Collins
Paul J. Collins

4

Attorneys for Defendants

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28