# Exhibit 1

EXECUTION VERSION

GLANCY PRONGAY
       & MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the
Public School Retirement System of the
School District of Kansas City,
Missouri and Liaison Counsel
for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public
School Retirement System of the
School District of Kansas City,
Missouri and Lead Counsel
for the Proposed Class*

(*Other counsel listed in signature block*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated, | Master File No. 16-cv-02942-DSF-KS |
| Plaintiffs, | |
| v. | Judge:     Hon. Dale S. Fischer |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated, | Case No. 16-cv-03412-DSF-KS |
| Plaintiffs, | |
| v. | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff Public School Retirement System of the School District of Kansas City, Missouri ("Lead Plaintiff" or "Kansas City") on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Daimler AG ("Daimler" or the "Company"), and Dieter Zetsche ("Zetsche"), Bodo Uebber ("Uebber"), and Thomas Weber ("Weber") (collectively, the "Individual Defendants" and, with Daimler, the "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Central District of California (the "Court"). This Stipulation is intended by the Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims and Released Defendants' Claims (both defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.    Two putative securities class actions were filed in the U.S. District Court for the Central District of California on behalf of investors in Daimler alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"):

> 1.    *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.,* No. 16-cv-02942-SJO-KS (C.D. Cal., Apr. 29, 2016) ("Vancouver"); and
>
> 2.    *Maria Munro v. Daimler AG, et al.,* No. 16-cv-03412-SJO-KS (C.D. Cal., May 18, 2016) ("Munro").

C.    On June 28, 2016, the plaintiffs in Vancouver and Munro, respectively, pursuant to the procedure set forth by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), filed motions to consolidate the two cases and

for appointment as lead plaintiff and for their selection of lead counsel.  ECF Nos. 9 and 16.

D.      Also on June 28, 2016, Kansas City filed a motion for appointment as lead plaintiff and for its approval of its selection of lead counsel.  ECF No. 13.  On July 20, 2016, the Court entered an Order consolidating the Vancouver and Munro actions, appointing Kansas City as Lead Plaintiff and appointing Labaton Sucharow as Lead Counsel and Glancy Prongay & Murray as Liaison Counsel. ECF No. 30.

E.      Lead Plaintiff, through Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action, for the purpose of drafting a consolidated complaint. This process included analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company, including European and domestic emissions regulations, regulatory submissions by Daimler and other auto manufacturers, investigative reports regarding diesel emissions and defeat devices, and engineering analyses; (v) documents produced in response to Freedom of Information Act ("FOIA") requests issued to emissions regulators, including the Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB"); and (vi) the applicable law governing the claims and potential defenses.   Lead Counsel identified approximately 103 former Daimler and Mercedes-Benz employees and other persons with relevant knowledge and interviewed 30 of them, and consulted with experts on damages, diesel emissions and regulatory issues.

F.     On October 11, 2016, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). ECF No. 38.   The Complaint alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the SEC on behalf of a class of all purchasers of Daimler's American Depository Receipts from February 22, 2012 through April 21, 2016, inclusive.

G.     On January 20, 2017, Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) (ECF No. 58), as well as a motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 62).   Lead Plaintiff opposed both motions on March 20, 2017.   ECF Nos. 68, 69.   On April 3, 2017, Defendants filed reply briefs in further support of their motions.   ECF Nos. 72, 74.

H.     On May 31, 2017, the Court entered an order denying Defendants' motion to dismiss for lack of personal jurisdiction and granting in part and denying in part Defendants' motion to dismiss for failure to state a claim.   ECF No. 77 (the "MTD Order").   In particular, the Court denied Defendants' Rule 12(b)(6) motion to dismiss under *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), finding that the purchases of the Daimler securities at issue were domestic securities transactions and, therefore, subject to Section 10(b) liability; denied Defendants' motion to dismiss for failure to sufficiently plead that Defendants' statements and omissions were false when made; denied Defendants' motion to dismiss for failure to plead scienter, except as to Defendant Mercedes-Benz USA, LLC (Daimler's American subsidiary), which the Court granted in part; and denied the motion to dismiss for failure to adequately plead loss causation.   *See* MTD Order at 26.

I.     In October 2019, Lead Plaintiff and Defendants, through their counsel, conferred on the possibility of reaching a negotiated resolution of the

Action and agreed to participate in a mediation under the auspices of the Honorable Daniel Weinstein of JAMS (the "Mediator"), with assistance from Ambassador (ret'd.) David Carden.  In advance of the mediation, the Parties held discussions and exchanged information amongst themselves and also submitted detailed mediation statements and exhibits to the Mediator, which addressed issues of both liability and damages.  On December 19, 2019, the Parties met for a full-day mediation with Judge Weinstein and Ambassador Carden.  After negotiations, the Parties agreed, in principle, to a settlement in the amount of $19 million based on the Mediator's recommendation, subject to the negotiation of a mutually acceptable Settlement Term Sheet and long form stipulation of settlement and completion of additional due diligence to confirm the reasonableness of the Settlement.  The Settlement Term Sheet was executed by the Parties on February 20, 2020.

J.     This Stipulation confirms the agreement between the Parties and sets forth the terms of the proposed Settlement.

K.     Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the complaints filed in the Action and in the U.S. District Court, Central District of California.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or class members have suffered damage or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner that was, and that they reasonably believed to be, in accordance with all applicable rules, regulations, and laws.   Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this

Stipulation to avoid the further expense, inconvenience, and burden of this Action, and to obtain the conclusive and complete dismissal and/or release of this Action and the Released Claims.

L.     Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals.  They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.,* No. 2:16-cv-02942-DSF-KS, and all cases consolidated therewith, pending in the United States District Court for the Central District of California before the Honorable Dale S. Fischer, United States District Judge.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d)      "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process proofs of claim, and to administer the Settlement.

(e)      "Class Period" means the period from February 22, 2012 through April 21, 2016, inclusive.

(f)      "Defendants" means Daimler AG, Dieter Zetsche, Bodo Uebber, and Thomas Weber.

(g)      "Defendants' Counsel" means the law firms of Latham & Watkins LLP, Gibson Dunn & Crutcher LLP, and Squire Patton Boggs (US) LLP.

(h)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶39 below.

(i)    "Escrow Account" means the separate escrow account at Citibank, N.A., a national banking institution, established to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(j)    "Escrow Agent" means Citibank, N.A., which shall be governed by terms of an escrow agreement entered into by the Parties and the Escrow Agent.

(k)    "Fee and Expense Application" means Lead Counsel's application, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses (and lost wages) of the Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(l)    "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Notice and Administration

Expenses, Taxes, the Plan of Allocation of the Net Settlement Fund, the Court's award of attorneys' fees or expenses to Plaintiffs' Counsel, or any other fees or expenses awarded by the Court shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final such that it would have preclusive effect in any subsequent proceeding, and all releases provided by this Stipulation would be binding notwithstanding any such appeal or proceeding seeking subsequent review.

(m)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.

(n)     "Individual Defendants" means Dieter Zetsche, Bodo Uebber, and Thomas Weber.

(o)     "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p)     "Lead Counsel" means Labaton Sucharow LLP.

(q)     "Lead Plaintiff" means Public School Retirement System of the School District of Kansas City, Missouri.

(r)     "Mediator" means the Honorable Daniel Weinstein of JAMS.

(s)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses to Plaintiffs' Counsel; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(t)     "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to potential Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(u) "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to potential Settlement Class Members; (ii) receiving and reviewing claims for payment from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(v) "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(w) "Plaintiffs' Counsel" means Labaton Sucharow LLP, Glancy Prongay & Murray LLP, and Mark Flaherty.

(x) "Plan of Allocation" means the proposed Plan of Allocation for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(y) "Preliminary Approval Order" means the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(z) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(aa)   "Released Claims" means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses, or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent that the law permits their release in the Action, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action, including any complaint filed or submitted to the Court in the Action; or (ii) could have asserted in any forum or proceeding that arise out of or are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint that arise out of the purchase or acquisition of Daimler American Depository Receipts and/or Global Registered Shares in the United States during the Class Period.  For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement or claims alleged in the TILP Litigation Rechtsanwaltsgesellschaft mbH/Daimler AG arising from the purchase and/or acquisition of Daimler shares (Ticker: DAI) outside the United States.

(bb)   "Released Defendant Parties" means Defendants, all their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint venturers, subcontractors, agents, attorneys, insurers, subrogees, co-insurers and reinsurers, all their respective, past, present and future officers, directors, employees, members, partners, principals, shareholders and owners, and all their respective heirs, executors, administrators, personal representatives, trustees, predecessors, successors, transferees and assigns, in their respective capacities as such.

(cc) "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, or any other law, that the Defendants or any other Released Defendant Party asserted, or could have asserted, against Lead Plaintiff, Settlement Class Members, Plaintiffs' Counsel, and the other Released Plaintiff Parties that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action, except for claims relating to the enforcement of the Settlement or claims alleged in the TILP Litigation Rechtsanwaltsgesellschaft mbH/Daimler AG arising from the purchase and/or acquisition of Daimler shares (Ticker: DAI) outside the United States.

(dd) "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(ee) "Released Plaintiff Parties" means Lead Plaintiff, each and every Settlement Class Member, Plaintiffs' Counsel, and their respective current or former trustees, officers, directors, partners, employees, contractors, principals, agents, attorneys, predecessors, successors or assigns, heirs, trustees, administrators, representatives, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, insurers and limited liability companies, in their capacities as such, and any trust of which Lead Plaintiff, any Settlement Class Member, or Plaintiffs' Counsel is the settlor, or which is for the benefit of their Immediate Family Members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ff) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(gg) "Settlement Amount" means nineteen million U.S. dollars ($19,000,000) in cash.

(hh)   "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in their respective capacities as such.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion that is accepted by the Court.

(ii)   "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(jj)   "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(kk)   "Stipulation" means this Stipulation and Agreement of Settlement.

(ll)   "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(mm) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(nn)   "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each Settlement Class Member and Released Defendant Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, Defendants, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants'

Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## **SCOPE AND EFFECT OF SETTLEMENT**

2.    The obligations incurred pursuant to this Stipulation are (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.    For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.    By operation of the Judgment or Alternative Judgment, as of the Effective Date,  Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees,

administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants and the Released Defendant Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## **THE SETTLEMENT CONSIDERATION**

6.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4–5, above, all of which the Parties agree are good and valuable consideration, Defendants shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within twenty (20) calendar days of the later of (i) entry of the Preliminary Approval Order or (ii) Lead Counsel's provision to Defendants' Counsel of payment instructions and a W-9 form for the Settlement Fund.

7.      With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶6, and Defendants' obligations under ¶¶21 and 36, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.      Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶6, Defendants shall have no obligation to make or cause to be made any other payments into the Escrow Account or to Lead Plaintiff, any Settlement Class Member, Plaintiffs' Counsel, or the Claims Administrator in settlement of the Action or pursuant to this Stipulation, nor any objector or intervenor or other similar third party, unless otherwise ordered by the Court.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22-34 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this

Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and

information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).   Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b)     All Taxes shall be paid out of the Settlement Fund.   In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith.   Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.   In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants.   The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).   The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12.    This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

## **ATTORNEYS' FEES AND EXPENSES**

13.    Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees of no more than 30% of the Settlement Fund and payment of expenses incurred in prosecuting the Action of no more than $300,000, plus any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

14.    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

15.    Any payment of attorneys' fees and expenses pursuant to ¶¶13-14 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued interest at the same net

rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel agree that they are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph.  Lead Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.    With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶6, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' Counsel in the Action that may occur at any time.

17.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.   The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

19.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21.     Prior to the Effective Date of the Settlement, without further approval from Defendants or further order of the Court, Lead Counsel may pay Notice and Administration Expenses reasonably and actually incurred, to the extent that the Notice and Administration Expenses do not exceed four hundred fifty thousand dollars ($450,000.00).  Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon approval by Defendants or order of the Court.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date of the Settlement, without

further approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.   The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶6 and 36 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

23.   The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24.   Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to the

Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims on the Net Settlement Fund, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

26. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the National Council of Teachers Retirement, or such other non-profit and non-sectarian organization(s) approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

27. Any Settlement Class Member who fails to submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will

be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

28.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted.  Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims on the Net Settlement Fund.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

29.    For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement,

including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any

supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

30. Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

31. Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

32. All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in

this section (*i.e.*, ¶¶27-34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34.     No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35.     Concurrently with its application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

36.     Daimler shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) calendar days of entry of the Preliminary Approval Order, a list in electronic searchable form, such as Excel, of the names and addresses of record purchasers of Daimler American Depositary Receipts or Global Registered Shares, in the United States, during the Class Period, to the extent such a list is reasonably available to Daimler.

## TERMS OF THE JUDGMENT

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

38.    In the event of any objections to the Settlement or appeal from any order of the Court granting final approval, Lead Counsel will be responsible for responding to objectors and intervenors, and defending the Court's judgment on appeal or review by writ, if any.   Defendants reserve the right to respond to objectors and intervenors, and to join in the defense of the Judgment.  Defendants agree not to appeal, or otherwise support any appeal, of an order or judgment entered by the Court that is consistent with the terms of the Settlement.  Any costs incurred by Plaintiff's Counsel in such appeals, including costs incurred to settle any claims by objectors or intervenors, are payable solely as ordered by the Court and from the Settlement Fund.   No one may seek to recover such costs from Defendants.

## **EFFECTIVE DATE OF SETTLEMENT**

39.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    Defendants have not exercised their option to terminate the Settlement under ¶¶40–41;

(b)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(c)    payment of the Settlement Amount into the Escrow Account;

(d)    approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## **WAIVER OR TERMINATION**

40.     Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

41.     In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Termination Threshold (defined below) has been reached.   Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").   The Supplemental Agreement sets forth certain conditions under which Defendants shall have the option, which must be exercised by Daimler AG on behalf of the Defendants, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute

or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶46-49 which shall continue to apply.

42.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel by email of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it.

43.     In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that (i) the Settlement Amount has not been paid in the time period provided for in ¶6 above, by providing written notice of the election to terminate to all other Parties and, thereafter, if there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice; or (ii) the additional due diligence being conducted by Lead Plaintiff does not confirm the reasonableness of the Settlement, by providing written notice of the election to terminate to all other Parties prior to filing its motion for preliminary approval of the Settlement.

44.     If, before the Settlement becomes Final, Defendants file for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf

of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of Defendants, and the Parties shall be restored to their litigation positions on December 19, 2019.

45.     Daimler warrants, as to itself and the payments made on Defendants' behalves, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

46.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶40–44 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

47.     With the exception of the provisions of ¶¶47–49 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action on December 19, 2019; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing,

deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of this Stipulation, including any order or judgment certifying the Settlement Class, shall be treated as vacated *nunc pro tunc*.

48.    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid and any attorneys' fees that have been advanced or paid to Lead Counsel in accordance with ¶¶13–15, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within twenty (20) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement Amount or as otherwise directed.

## **NO ADMISSION**

49.    Except as set forth in ¶50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)   do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

50.   Notwithstanding ¶49 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.   The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.   All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

51.   All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

52.   The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.   The

Parties shall not assert or pursue any action alleging that any other Party or its counsel has violated Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

54.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

56.    Any failure by one Party to insist on the strict performance by any other party of any provision of this Stipulation shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

58.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.     All agreements by, between, or among the Parties and their counsel as to the confidentiality of information exchanged between or among them shall remain in in full force and effect and any designations made, or orders entered, during the course of the Action relating to the confidentiality of documents or information shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

61.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

62.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

63.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

64.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.     The Parties agree that except as expressly provided herein, or as may otherwise be required by law, in response to any media inquiry regarding the fact of settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment, explanation, or description of the Settlement, other than what is set forth herein and a statement that the Settlement is in the best interests of the Parties.

68.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

69.     If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶35 above, those disputes will be resolved by the Mediator first by way of expedited

telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable dispute resolution.

70.     Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 20, 2020.

**LABATON SUCHAROW LLP**


By: _____
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff and the
Settlement Class*


**LATHAM & WATKINS LLP**


By: _____
PETER A. WALD (85705)
CHRISTOPHER TURNER (*pro hac vice*)
505 Montgomery Street, Suite 2000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

San Francisco, California 94111
Telephone: (415) 391-0600
peter.wald@lw.com
christopher.turner@lw.com

*Attorneys for Daimler AG, Dieter Zetsche, Bodo Uebber and Thomas Weber*

# Exhibit A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, <br><br> Defendants. | Master File No. 16-cv-02942-DSF-KS <br><br> Judge:      Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, <br><br> Defendants. | Case No. 16-cv-03412-DSF-KS <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |

WHEREAS, as of April 20, 2020, Lead Plaintiff Public School Retirement System of the School District of Kansas City, Missouri ("Lead Plaintiff" or "Kansas City"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Daimler AG ("Daimler" or the "Company"), Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2020 that:

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of:  all persons and entities that purchased or

1

otherwise acquired Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in their respective capacities as such. Settlement Class Members who properly exclude themselves from the Settlement Class by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice will also be excluded.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Kansas City is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and Glancy Prongay & Murray LLP is preliminarily appointed Liaison Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held on _____, 2020 at ____ ___.m. before the Honorable Dale S. Fischer, either in person or telephonically at the Court's discretion, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California, for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

1    (c)    to determine, for purposes of the Settlement only, whether the

2    Settlement Class should be finally certified; whether Lead Plaintiff should be

3    finally certified as Class Representative for the Settlement Class; and whether the

4    law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel

5    for the Settlement Class and Glancy Prongay & Murray LLP as Liaison Counsel

6    for the Settlement Class;

7    (d)    to determine whether the proposed Plan of Allocation for the

8    proceeds of the Settlement is fair and reasonable and should be approved by the

9    Court;

10   (e)    to consider Lead Counsel's application for an award of

11   attorneys' fees and expenses (which may include an application for an award to

12   Lead Plaintiff for reimbursement of its reasonable costs and expenses directly

13   related to its representation of the Settlement Class, pursuant to the Private

14   Securities Litigation Reform Act of 1995 ("PSLRA")); and

15   (f)    to rule upon such other matters as the Court may deem

16   appropriate.

17   6.    The Court reserves the right to approve the Settlement with or

18   without modification and with or without further notice to the Settlement Class of

19   any kind.  The Court further reserves the right to enter the Judgment approving the

20   Settlement regardless of whether it will approve the proposed Plan of Allocation

21   or award attorneys' fees and/or expenses.  The Court may also adjourn the

22   Settlement Hearing, decide to hold the hearing telephonically, or modify any of

23   the dates herein without further individual notice to members of the Settlement

24   Class.  Any such changes shall be posted on the website of the Claims

25   Administrator.

26   7.    The Court approves the form, substance and requirements of the

27   Notice of Pendency of Class Action, Proposed Settlement, and Motion for

28   Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release

4

form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.     The Court approves the retention of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Daimler, to the extent it has not already done so, shall use reasonable efforts to obtain and provide to Lead Counsel, or the Claims Administrator, a list in electronic searchable form, such as Excel, of the names and addresses of record purchasers of Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the Class Period no later than ten (10) calendar days after entry of this Preliminary Approval Order.

9.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the Class Period as record owners but not as beneficial owners.

(a)     Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.

(b)     Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

(c)     Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d)     Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners in an amount not to exceed $0.20, plus postage at the current pre-sort rate used by the Claims Administrator, per Notice Packet mailed; or $0.10 per name/mailing address/email address (to the extent available) provided to the Claims Administrator.   Any disputes as to the reasonableness or documentation of expenses incurred will be subject to review by the Court.

10.   Lead Counsel shall, no later than thirty-five (35) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.   The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as directed in the Notice, no later than seven (7) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner, including online using the web-page for the Settlement, shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it

7

must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)  As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.  Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.  Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, e-mail, and telephone number of the Person seeking exclusion, must state that the

8

sender requests to be "excluded from the Settlement Class in *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al*., No. 16-cv-02942-DSF (C.D. Cal.)" and must be signed by such Person or an authorized representative.   Such Persons requesting exclusion are directed to: (i) state the name, address, e-mail, and telephone number of the person or entity requesting exclusion; (ii) state the number of Daimler American Depositary Receipts and/or Global Registered Shares the person or entity purchased or acquired in the United States during the Class Period, as well as the dates and prices of each such purchase or acquisition; and (iii) state the dates, number, and prices of shares of Daimler American Depositary Receipts and/or Global Registered Shares sold during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to, or comment concerning, the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection (or comment) and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and Defendants' Counsel: Christopher S. Turner, Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, D.C.  20004.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the

9

Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.   Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to, or in favor of, the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection (or comment) their intention to appear at the hearing.  Persons who intend to object to (or comment on) the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections (or comments) the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.   Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.   Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.   All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses, including copies of any objections received, shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.   The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is

approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Plaintiffs' Counsel or Lead Plaintiff.

24.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 19, 2019.

DATED this _____ day of  _____, 2020

BY THE COURT:

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

1
2
3
4
5
6
7
8
9
10
11

GLANCY PRONGAY &
  MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the
Public School Retirement System of the
School District of Kansas City,
Missouri and Liaison Counsel
for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public
School Retirement System of the
School District of Kansas City,
Missouri and Lead Counsel
for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-02942-DSF-KS<br><br>Judge:    Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $19,000,000 settlement fund, plus accrued interest, if any, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Public School Retirement System of the School District of Kansas City, Missouri ("Kansas City" or "Lead Plaintiff") that have been asserted on behalf of the proposed Settlement Class against Daimler AG ("Daimler" or the "Company") and Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, the "Individual Defendants," and with the Company, "Defendants").

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**
**Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____,** | The *only* way to get a payment. *See* Question 8 below for details. |

---

[1]   All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated as of _____ (the "Stipulation").

| 2020 | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2020** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 11 below for details. |
| **OBJECT BY _____, 2020** | Write to the Parties about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question 14 below for details. |
| **GO TO A HEARING ON _____, 2020, FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2020** | Attend the Settlement Hearing about the Settlement, ask to speak in Court.  *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.     Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $19,000,000 (the "Settlement Amount"), which will be deposited into an Escrow Account, which may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the

Court-approved plan of allocation (the "Plan of Allocation" or "Plan").   The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2.    Based on Lead Plaintiff's consulting damages expert's estimate of the number of Daimler American Depository Receipts and Global Registered Shares eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Lead Plaintiff estimates that the average recovery would be approximately $0.68 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.47 per allegedly damaged share after the deduction of the attorneys' fees and expenses discussed below.[2]  **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**   An individual Settlement Class Member's actual recovery will depend on numerous factors.   These factors are fully explained in the Plan of Allocation beginning on page __.   Please refer to the Plan for information on the calculation of your Recognized Loss (defined below).

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants.   The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Daimler securities were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Daimler securities during the Class Period.

4.     Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.     Lead Counsel, on behalf of itself and all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which may include accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $300,000, plus accrued interest, if any, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.21 per allegedly damaged share. A copy of the Fee and

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

4

1  Expense Application will be posted on www._____.com after it has been filed

2  with the Court.

3  **Reasons for the Settlement**

4      6.    For Lead Plaintiff, the principal reason for the Settlement is the

5  guaranteed cash benefit to the Settlement Class.  This benefit must be compared to

6  the uncertainty of being able to prove the allegations in the Complaint; the risk that

7  the Court may grant some or all of the anticipated motions to be filed by

8  Defendants; the risks of litigation, especially in complex securities actions like

9  this; as well as the difficulties and delays inherent in such litigation (including any

10  trial and appeals).  For Defendants, who deny all allegations of wrongdoing or

11  liability whatsoever and deny that Settlement Class Members were damaged, the

12  principal reason for entering into the Settlement is to end the burden, expense,

13  uncertainty, and risk of further litigation.

14  **Identification of Attorneys' Representatives**

15      7.    Lead Plaintiff and the Settlement Class are represented by Lead

16  Counsel, James W. Johnson, Esq., Labaton Sucharow LLP, 140 Broadway, New

17  York,      NY      10005,      (888)      219-6877,      www.labaton.com,

18  settlementquestions@labaton.com.

19      8.    Further information regarding this Action, the Settlement, and this

20  Notice may be obtained by contacting the Claims Administrator: c/o _____,

21  (_____) ____-____, www.___.com; or Lead Counsel.

22      **Please Do Not Call or Write the Court About the Settlement.**

23      **[END OF PSLRA COVER PAGE]**

24

25

26

27

28

**BASIC INFORMATION**

| **1.  Why did I get this Notice?** |
| --- |

9.      You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares in the United States during the Class Period, and may be a Settlement Class Member.  This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement, and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.      The Court in charge of the Action is the United States District Court for the Central District of California, and the case is known as *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG,* No. 2:16-cv-02942-DSF-KS.  At the time this Notice is issued, the Action is assigned to the Honorable Dale S. Fischer, United States District Judge.

| **2.  What is this case about?** |
| --- |

12.      Daimler and certain of its subsidiaries develop, manufacture, distribute, and sell cars, vans, trucks, and buses in various jurisdictions.  The Action arises out of Defendants' allegedly false and misleading representations and omissions regarding Daimler's diesel car and van emissions control systems,

known as BlueTEC.  Lead Plaintiff alleged that Daimler consistently claimed, throughout the Class Period, that, for example, its BlueTEC passenger and light-duty vehicle offerings were "the cleanest diesel cars in the world."  Lead Plaintiff alleged, however, that numerous independent tests performed by regulatory agencies and non-governmental organizations demonstrated that under typical driving conditions Daimler's vehicles significantly exceeded the maximum nitrous oxide emissions ("NOx") levels set by U.S. and European regulators.  Defendants denied that the Company used a "defeat device" designed to meet regulatory emissions requirements in a testing environment.

13.    On April 21, 2016, the Company announced that the U.S. Department of Justice ("DOJ") had requested that it conduct an internal investigation concerning its exhaust emissions in the United States.  On April 22, 2016, it was allegedly reported that Daimler was recalling 247,000 vehicles in Germany to fix emissions issues.

14.    As a result of Defendants' alleged misrepresentations and omissions, certain Daimler securities allegedly traded at artificially inflated prices during the Class Period.

15.    Beginning in April 2016, two securities class action complaints were filed in the United States District Court for the Central District of California on behalf of investors in Daimler.  The actions were consolidated by an Order dated July 20, 2016. By the same Order, the Court appointed Kansas City as Lead Plaintiff, pursuant to the PSLRA, and approved Lead Plaintiff's selection of Labaton Sucharow LLP as Lead Counsel and Glancy Prongay & Murray as Liaison Counsel.

16.    On October 11, 2016, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleged violations of §§ 10(b) and 20(a) of the Securities Exchange

Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class of all purchasers of Daimler's American Depository Receipts from February 22, 2012 through April 21, 2016, inclusive.  On January 20, 2017, Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) as well as a motion to dismiss pursuant to Rule 12(b)(6).  Lead Plaintiff opposed both motions on March 20, 2017.  On April 3, 2017, Defendants filed reply briefs in further support of their motions.

17.    On May 31, 2019, the Court entered an order denying Defendants' motion to dismiss for personal jurisdiction and granting in part, and denying in part, Defendants' motion to dismiss for failure to state a claim.  In particular, the Court denied Defendants' Rule 12(b)(6) motion to dismiss under *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), finding that the purchases of the Daimler securities at issue were domestic securities transactions and, therefore, subject to Section 10(b) liability; denied Defendants' motion for failure to sufficiently plead that Defendants' statements and omissions were false when made; denied Defendants' motion for failure to plead scienter, except as to Defendant Mercedes-Benz USA, LLC (Daimler's American subsidiary), which the Court granted in part; and denied the motion to dismiss for failure to adequately plead loss causation.

18.    In October 2019, Lead Plaintiff and Defendants, through their counsel, conferred about the possibility of reaching a negotiated resolution of the Action and agreed to participate in a mediation under the auspices of the Honorable Daniel Weinstein of JAMS (the "Mediator"), with assistance from Ambassador (ret'd.) David Carden.  In advance of the mediation, the Parties held discussions and exchanged information amongst themselves and also submitted detailed mediation statements and exhibits to the Mediator, which addressed issues

of both liability and damages.  On December 19, 2019, the Parties met for a full-day mediation with Judge Weinstein and Ambassador Carden.  After negotiations, the Parties agreed, in principle, to a settlement in the amount of $19 million based on the Mediator's recommendation, subject to the negotiation of a mutually acceptable Settlement Term Sheet and long form stipulation of settlement and completion of additional due diligence to confirm the reasonableness of the Settlement.  The Settlement Term Sheet was executed by the Parties on February 20, 2020.

19.   Lead Plaintiff, through Lead Counsel, has conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company, including European and domestic emissions regulations, regulatory submissions by Daimler and other auto manufacturers, investigative reports regarding diesel emissions and defeat devices, and engineering analyses; (v) documents produced in response to Freedom of Information Act ("FOIA") requests issued to emissions regulators, including the Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB"); and (vi) the applicable law governing the claims and potential defenses.   Lead Counsel identified approximately 103 former Daimler and Mercedes-Benz employees and other persons with relevant knowledge and interviewed 30 of them, and consulted with experts on damages, diesel emissions and regulatory issues.

**3.  Why is this a class action?**

20.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.  What are the reasons for the Settlement?**

21.    The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

22.    Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint.  The Settlement should not be seen as an admission or concession on the part of Defendants.  Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

**5.  How do I know if I am part of the Settlement Class?**

23.     The Court preliminarily directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):  ***all persons and entities that purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive, and were allegedly damaged thereby.***

24.     Receipt of this Notice does not mean that you are a Settlement Class Member.  The Parties do not have access to your transactions in Daimler American Depository Receipts and/or Global Registered Shares.  Please check your records or contact your broker to see if you are a member of the Settlement Class.  If one of your mutual funds purchased Daimler American Depository Receipts and/or Global Registered Shares during the Class Period, that alone does not make you a Settlement Class Member.   You are a Settlement Class Member only if you individually purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares during the Class Period and were allegedly damaged thereby.

### 6.  Are there exceptions to being included?

25.     Yes.  There are some individuals and entities that are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are:  (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in

their respective capacities as such.    Also excluded from the Settlement Class will be any Person that timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

26.    In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to fund a $19 million cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.  How can I receive a payment?

27.    To qualify for a payment, you must submit a timely and valid Claim Form and the Effective Date of the Settlement must occur (*see* paragraph __, below).  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www._____.com, or from Lead Counsel's website, www.labaton.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2020.**

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

12

**9.  When will I receive my payment?**

28.    The Court will hold a Settlement Hearing on _____, **2020** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  No payments will be made unless the Effective Date of the Settlement occurs, as defined below in paragraph __.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**10.    What am I giving up to receive a payment or by staying  in the Settlement Class?**

29.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)    **"Released Claims"** means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses, or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent that the law permits their release in the Action, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action, including any complaint filed or submitted to the Court in the Action; or (ii) could have asserted in any forum or proceeding that arise out of or

are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint that arise out of the purchase or acquisition of Daimler American Depository Receipts and/or Global Registered Shares in the United States during the Class Period.  For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement or claims alleged in the TILP Litigation Rechtsanwaltsgesellschaft mbH/Daimler AG arising from the purchase and/or acquisition of Daimler shares (Ticker: DAI) outside the United States.

(b)   **"Released Defendant Parties"** means Defendants, all their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint venturers, subcontractors, agents, attorneys, insurers, subrogees, co-insurers and reinsurers, all their respective, past, present and future officers, directors, employees, members, partners, principals, shareholders and owners, and all their respective heirs, executors, administrators, personal representatives, trustees, predecessors, successors, transferees and assigns, in their respective capacities as such.

(c)   "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall

expressly, and each Settlement Class Member and Released Defendant Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, Defendants, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

30.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.   If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.   Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

31.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.   This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Defendants have the right to terminate the Settlement if a certain threshold of exclusion requests is received.**

### 11.  How do I exclude myself from the Settlement Class?

32.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.*, No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."   You cannot exclude yourself by telephone or e-mail.   Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of Daimler

American Depository Receipts and/or Global Registered Shares the person or entity purchased, acquired, and sold in the United States during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than _____, 2020** to:

*Daimler AG Securities Litigation*

c/o _____

P.O. Box _____

_____

**Your exclusion request must comply with these requirements in order to be valid.**

33. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will no longer be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

**THE LAWYERS REPRESENTING YOU**

**12. Do I have a lawyer in this case?**

34. The Court appointed the law firm of Labaton Sucharow LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and expenses, which will be paid from the

Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid?**

35. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than 30% of the Settlement Fund, which may include accrued interest. Plaintiffs' Counsel are Lead Counsel, Glancy Prongay & Murray LLP, and Mark Flaherty. No other attorneys will share in the fee awarded by the Court. Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been reimbursed for their litigation expenses. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $300,000, plus accrued interest, if any, which may include an application by Lead Plaintiff, in accordance with the PSLRA, for its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

36. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement. The Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members and the Action will continue to be litigated.

37.    To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.*, No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."   Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class.   The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) identify the number of Daimler American Depository Receipts and Global Registered Shares purchased, acquired, and sold,  in the United States, during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale.   Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.   Your objection must be mailed or delivered to the following counsel so that it is **received no later than _____, 2020:**

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Labaton Sucharow LLP** | **Latham & Watkins LLP** |
| James W. Johnson, Esq. | Christopher S. Turner |
| 140 Broadway | 555 Eleventh Street |
| New York, NY  10005 | Suite 1000 |
| | Washington, DC 20004 |

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

19

| **15. What is the difference between objecting and seeking exclusion?** |
|---|

38. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| **16. When and where will the Court decide whether to approve the proposed Settlement?** |
|---|

39. The Court will hold the Settlement Hearing on _____, _____ at ____ _.m., in Courtroom 7D, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, California, 90012. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

40. You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

20

https://www.cacd.uscourts.gov, or periodically check the settlement website at www._____.com to see if the Settlement Hearing stays as calendared or is changed.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**17.  Do I have to come to the Settlement Hearing?**

41.    No.  Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 17 below **no later than _____, 2020**.

**18.  May I speak at the Settlement Hearing?**

42.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 14), **no later than _____ __, 2020,** a statement that you, or your attorney, intend to appear in "*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al*., No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

| **19.  What happens if I do nothing at all?** |
| --- |

43.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

**GETTING MORE INFORMATION**

| **20.  Are there more details about the Settlement?** |
| --- |

44.    This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2020 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

45.    Absent exigent circumstances, you may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, California, 90012, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER  can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

46.    You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (___) ____-_____; writing to the

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

22

Claims Administrator at *Daimler AG Securities Litigation,* c/o _____ _____, ____; or visiting the website dedicated to the Settlement, www._____.com or the website of Lead Counsel, www.labaton.com. **Please do not call or write the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 21. How will my claim be calculated?

47. As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the proposed Plan of Allocation set forth below, or such other plan of allocation as the Court may approve. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www._____.com. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

48. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because

the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants.  The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

49.   For purposes of determining the amount a claimant may recover under the Plan, Lead Counsel conferred with its damages consultants and the Plan reflects an assessment of the daily per share artificial inflation amounts that allegedly were caused by the false and misleading statements and material omissions.   In calculating the estimated artificial inflation, Lead Plaintiff's damages consultants considered price changes in Daimler American Depository Receipts and/or Global Registered Shares (collectively "Daimler Securities"), in the United States, in reaction to certain public announcements in which the misrepresentations and omissions were alleged to have been disclosed to the market, adjusting for price changes that were attributable to nonactionable market or industry forces.

50.   In order to have recoverable losses in connection with purchases and/or acquisitions of Daimler Securities during the Class Period, disclosure(s) of the allegedly misrepresented or omitted information must be the cause of the decline in the price of Daimler Securities.  In this case, it is alleged that artificial inflation was removed from the prices of Daimler Securities over the course of September 21, 2015-September 22, 2015, and on April 22, 2016.  To have a loss, among other things, you must have purchased and/or acquired a Daimler Security during the Class Period and held it through at least September 20, 2015.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.     For purposes of determining whether a claimant has a Recognized Loss, purchases, acquisitions, and sales of Daimler Securities will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more than one purchase/acquisition or sale of any eligible Daimler Security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

52.     The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase of Daimler Securities, in the United States, during the Class Period (February 22, 2012 through April 21, 2016, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number or zero, the Recognized Loss Amount shall be set to zero.

53.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Loss."   An Authorized Claimant's "Recognized Loss" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

### Daimler American Depository Receipt Calculations

54.     **Table-1** (below) provides the per share amount of artificial inflation in Daimler ADRs during the Class Period for specified periods.  Each claimant's Recognized Loss Amount per ADR, if any, will be computed as follows:

(a) If an ADR is sold with an equal, or greater, amount of artificial inflation (*see* **Table-1**), the Recognized Loss Amount per ADR is zero.

(b) If sold prior to September 21, 2015, the Recognized Loss Amount per ADR is zero.

(c) If sold on September 21, 2015, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

   i) the difference between the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**) and the per ADR inflation in the Daimler ADR price at time of sale (*see* **Table-1**); and

   ii) the difference between the purchase price per ADR and the sales price per ADR.

(d) If sold on or after September 22, 2015 and prior to April 22, 2016, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

   i) the difference between the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**) and the per ADR inflation in the Daimler ADR price at time of sale (*see* **Table-1**); and

      ii) the difference between the purchase price per ADR and the sales price per ADR.

(e) If sold on or after April 22, 2016 and on or before July 20, 2016,[3] the Recognized Loss Amount per ADR is equal to the ***lesser of***:

   i) the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**); and

   ii) the difference between the purchase price per ADR and the average closing price per ADR up to the date of sale as set forth in **Table-2** below.

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  In this case, the 90-day period ends on July 20, 2016.

(f) If held as of the close of trading on July 20, 2016 or sold thereafter, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

    i) the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**); and

    ii) the difference between the purchase price  and $65.32 per ADR.[4]

### Daimler Global Registered Share Calculations

55.    Table-3 (attached hereto) provides the per share amount of artificial inflation in Daimler Global Registered Shares during the Class Period for specified periods. Each Claimant's Recognized Loss Amount per share, if any, will be computed as follows:

(a) If a Global Registered Share is sold with an equal, or greater, amount of artificial inflation (*see* **Table-3**), the Recognized Loss Amount per share is zero.

(b) If sold prior to September 21, 2015, the Recognized Loss Amount per share is zero.

(c) If sold on September 21, 2015, the Recognized Loss Amount per share is equal to the lesser of:

    i) the difference between the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**) and the per share inflation in the Daimler Global Registered Share price at time of sale (*see* **Table-3**); and

    ii) the difference between the purchase price per share and the sales price per share.

---

[4]   Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Recognized Loss Amounts for Daimler ADRs are reduced to an appropriate extent by taking into account the closing prices of Daimler ADRs during the 90-day look-back period. The mean (average) closing price for Daimler ADRs during this 90-day look-back period was $65.32 per share as shown in Table-2.

(d) If sold on or after September 22, 2015 and prior to April 22, 2016, the Recognized Loss Amount per share is equal to the *lesser of*:

    i) the difference between the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**) and the per share inflation in the Daimler Global Registered Share price at time of sale (*see* **Table-3**); and

    ii) the difference between the purchase price per share and the sales price per share.

(e) If sold on after April 22, 2016 and sold on or before July 20, 2016, the Recognized Loss Amount per share is equal to the *lesser of*:

    i) the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**); and

    ii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in **Table-4** below.

(f) If held as of the close of trading on July 20, 2016 or sold thereafter, the Recognized Loss Amount per share is equal to the *lesser of*:

    i) the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**); and

    ii) the difference between the purchase price per share and $65.37 per share.[5]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

---

[5] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss for Daimler Global Registered Shares are reduced to an appropriate extent by taking into account the closing prices of Daimler Global Registered Shares during the 90-day look-back period. The mean (average) closing price for Daimler Global Registered Shares during this 90-day look-back period was $65.37 per share as shown in Table-4.

56.     Only Daimler American Depository Receipts and Global Registered Shares purchased in the United States are eligible for a recovery in the Settlement.

57.     Purchases/acquisitions and sales of Daimler Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Daimler Securities during the Class Period shall not be deemed a purchase, acquisition or sale of Daimler Securities for the calculation of a claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Daimler Securities unless (i) the donor or decedent purchased or otherwise acquired such Daimler Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Daimler Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

58.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the share of Daimler Securities.  The date of a "short sale" is deemed to be the date of sale of the respective Daimler Security.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchases/acquisitions used to cover "short sales" is zero.  In the event that a claimant has an opening short position in Daimler Securities, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchases or acquisitions shall be matched against such short position on a FIFO basis and not be entitled to a recovery.

59.     Option contracts to purchase or sell Daimler Securities are not securities eligible to participate in the Settlement.   With respect to Daimler Securities purchased or sold through the exercise of an option, the purchase/sale date of the Daimler Security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

60.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.   If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

61.     Distributions to eligible Authorized Claimants will be made after claims have been processed.   After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.   These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expense, Taxes, and attorneys' fees and expenses, if any, shall be contributed to the National Council of Teachers Retirement, or such other non-profit and non-sectarian organization(s) approved by the Court.

62.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all

claimants.   No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's consulting damages experts, Defendants, Defendants' Counsel, any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.   Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

63.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any claimant.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

## **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

64.   If you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, (**note**: shares traded as DAI or DMLRY are not eligible), during the Class Period for the beneficial interest of a person or entity other than yourself,  the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased shares during the Class Period; or (b) request additional copies of the Notice from the Claims Administrator, which will be provided to you free of

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

31

charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice directly to all the beneficial owners of those securities.  You must also provide email addresses of such beneficial owners to the Claims Administrator, to the extent available.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses (not to exceed $0.10 per name and mailing address or $0.20, plus postage at the then current pre-sort rate used by the Claims Administrator, per Notice) actually incurred in connection with the foregoing, assuming the expenses would not have been incurred except for the sending of such Notice.  Expenses will be paid upon submission of appropriate supporting documentation and timely and full compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator: *Daimler AG Securities Litigation*, Claims Administrator, _____, (800) ____, [email], www._____.

Dated: _____, 2020_____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**TABLE-1**

**Daimler ADR Artificial Inflation Per ADR**

| Date Range | | Per ADR Inflation in ADR Price |
|---|---|---|
| 2/22/2012 | 9/20/2015 | $5.52 |
| 9/21/2015 | | $4.23 |
| 9/22/2015 | 4/21/2016 | $2.96 |

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

32

| On and after 4/22/2016 | $0.00 |

**TABLE 2**

**Daimler ADR Closing Prices and Average Closing Prices**
**April 22, 2016 – July 20, 2016**

| Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown | Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown |
|---|---|---|---|---|---|
| 4/22/2016 | $71.10 | $71.10 | 6/7/2016 | $68.26 | $67.76 |
| 4/25/2016 | $70.78 | $70.94 | 6/8/2016 | $67.92 | $67.76 |
| 4/26/2016 | $71.16 | $71.01 | 6/9/2016 | $66.57 | $67.73 |
| 4/27/2016 | $70.99 | $71.01 | 6/10/2016 | $64.97 | $67.65 |
| 4/28/2016 | $71.26 | $71.06 | 6/13/2016 | $63.70 | $67.54 |
| 4/29/2016 | $69.51 | $70.80 | 6/14/2016 | $61.71 | $67.38 |
| 5/2/2016 | $70.34 | $70.73 | 6/15/2016 | $62.37 | $67.25 |
| 5/3/2016 | $68.61 | $70.47 | 6/16/2016 | $61.65 | $67.11 |
| 5/4/2016 | $67.44 | $70.13 | 6/17/2016 | $62.85 | $67.00 |
| 5/5/2016 | $67.34 | $69.85 | 6/20/2016 | $66.15 | $66.98 |
| 5/6/2016 | $67.85 | $69.67 | 6/21/2016 | $66.12 | $66.96 |
| 5/9/2016 | $68.08 | $69.54 | 6/22/2016 | $66.56 | $66.95 |
| 5/10/2016 | $68.49 | $69.46 | 6/23/2016 | $68.09 | $66.97 |
| 5/11/2016 | $67.89 | $69.35 | 6/24/2016 | $61.20 | $66.85 |
| 5/12/2016 | $67.01 | $69.19 | 6/27/2016 | $58.58 | $66.67 |
| 5/13/2016 | $66.47 | $69.02 | 6/28/2016 | $59.32 | $66.51 |
| 5/16/2016 | $66.66 | $68.88 | 6/29/2016 | $59.66 | $66.37 |
| 5/17/2016 | $65.47 | $68.69 | 6/30/2016 | $59.46 | $66.23 |
| 5/18/2016 | $64.97 | $68.50 | 7/1/2016 | $60.94 | $66.12 |
| 5/19/2016 | $64.32 | $68.29 | 7/5/2016 | $58.07 | $65.96 |
| 5/20/2016 | $64.85 | $68.12 | 7/6/2016 | $57.54 | $65.80 |
| 5/23/2016 | $63.75 | $67.92 | 7/7/2016 | $57.89 | $65.65 |
| 5/24/2016 | $64.92 | $67.79 | 7/8/2016 | $59.75 | $65.54 |
| 5/25/2016 | $66.99 | $67.76 | 7/11/2016 | $61.00 | $65.46 |
| 5/26/2016 | $68.10 | $67.77 | 7/12/2016 | $63.82 | $65.43 |
| 5/27/2016 | $67.55 | $67.77 | 7/13/2016 | $63.58 | $65.40 |
| 5/31/2016 | $68.34 | $67.79 | 7/14/2016 | $64.95 | $65.39 |
| 6/1/2016 | $67.43 | $67.77 | 7/15/2016 | $64.64 | $65.38 |

| 6/2/2016 | $67.64 | $67.77 | 7/18/2016 | $64.52 | $65.36 |
| 6/3/2016 | $67.18 | $67.75 | 7/19/2016 | $63.49 | $65.33 |
| 6/6/2016 | $67.47 | $67.74 | 7/20/2016 | $64.60 | $65.32 |

## TABLE-3

### Artificial Inflation Per Global Registered Share

| Date Range | Per Share Inflation in Share Price |
|---|---|
| 2/22/2012          9/20/2015 | $5.60 |
| 9/21/2015 | $4.37 |
| 9/22/2015          4/21/2016 | $2.80 |
| On and after 4/22/2016 | $0.00 |

## TABLE 4

### Daimler Global Registered Share Closing Prices and Average Closing Prices
### April 22, 2016 – July 20, 2016

| Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown | Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown |
|---|---|---|---|---|---|
| 4/22/2016 | $70.85 | $70.85 | 6/7/2016 | $67.86 | $67.69 |
| 4/25/2016 | $70.72 | $70.79 | 6/8/2016 | $67.80 | $67.70 |
| 4/26/2016 | $71.35 | $70.97 | 6/9/2016 | $66.72 | $67.67 |
| 4/27/2016 | $71.31 | $71.06 | 6/10/2016 | $64.31 | $67.57 |
| 4/28/2016 | $70.58 | $70.96 | 6/13/2016 | $63.19 | $67.45 |
| 4/29/2016 | $69.76 | $70.76 | 6/14/2016 | $62.04 | $67.30 |
| 5/2/2016 | $70.55 | $70.73 | 6/15/2016 | $62.27 | $67.17 |
| 5/3/2016 | $68.73 | $70.48 | 6/16/2016 | $63.08 | $67.07 |
| 5/4/2016 | $67.35 | $70.13 | 6/17/2016 | $63.59 | $66.98 |
| 5/5/2016 | $67.20 | $69.84 | 6/20/2016 | $65.80 | $66.95 |
| 5/6/2016 | $68.00 | $69.67 | 6/21/2016 | $66.56 | $66.94 |
| 5/9/2016 | $68.22 | $69.55 | 6/22/2016 | $66.69 | $66.94 |
| 5/10/2016 | $68.64 | $69.48 | 6/23/2016 | $68.89 | $66.98 |
| 5/11/2016 | $67.43 | $69.33 | 6/24/2016 | $60.80 | $66.84 |
| 5/12/2016 | $67.00 | $69.18 | 6/27/2016 | $59.60 | $66.69 |
| 5/13/2016 | $66.20 | $68.99 | 6/28/2016 | $60.20 | $66.55 |

| 5/16/2016 | $66.64 | $68.85 | | 6/29/2016 | $59.65 | $66.40 |
| 5/17/2016 | $65.29 | $68.66 | | 6/30/2016 | $60.00 | $66.27 |
| 5/18/2016 | $64.57 | $68.44 | | 7/1/2016 | $60.88 | $66.16 |
| 5/19/2016 | $62.99 | $68.17 | | 7/5/2016 | $57.75 | $66.00 |
| 5/20/2016 | $64.68 | $68.00 | | 7/6/2016 | $58.17 | $65.85 |
| 5/23/2016 | $64.07 | $67.82 | | 7/7/2016 | $57.60 | $65.69 |
| 5/24/2016 | $65.22 | $67.71 | | 7/8/2016 | $59.87 | $65.59 |
| 5/25/2016 | $67.18 | $67.69 | | 7/11/2016 | $62.35 | $65.53 |
| 5/26/2016 | $67.89 | $67.70 | | 7/12/2016 | $63.74 | $65.49 |
| 5/27/2016 | $67.56 | $67.69 | | 7/13/2016 | $63.45 | $65.46 |
| 5/31/2016 | $68.22 | $67.71 | | 7/14/2016 | $65.13 | $65.45 |
| 6/1/2016 | $67.52 | $67.70 | | 7/15/2016 | $64.46 | $65.44 |
| 6/2/2016 | $68.00 | $67.71 | | 7/18/2016 | $64.51 | $65.42 |
| 6/3/2016 | $67.23 | $67.70 | | 7/19/2016 | $63.30 | $65.39 |
| 6/6/2016 | $67.40 | $67.69 | | 7/20/2016 | $64.61 | $65.37 |

# Exhibit A-2

GLANCY PRONGAY
    & MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the Public School Retirement System of the School District of Kansas City, Missouri and Liaison Counsel for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public School Retirement System of the School District of Kansas City, Missouri and Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Master File No. 16-cv-02942-DSF-KS<br><br>Judge:    Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**PROOF OF CLAIM AND RELEASE**<br><br>EXHIBIT A-2 |

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Settlement Class based on your claims in the action entitled *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.,* No. 2:16-cv-02942-DSF-KS (C.D. Cal.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.   Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.   **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.____ NO LATER THAN _____, 2020 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS:**

*Daimler AG Securities Litigation*
Claims Administrator
c/o _____
_____
_____
www.xxxxxxxx.com

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), which accompanies this Claim Form) DO NOT submit a Claim Form.

4.   If you are a member of the Settlement Class and you did not timely request exclusion in response to the Notice dated _____, 2020, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.   CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Daimler AG ("Daimler") American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period") and held the shares in your name, you are the beneficial purchaser as well as the record purchaser.   If, however, you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the Class Period that forms the basis of this claim, as well as the purchaser or acquirer of record if different.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.   The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in Daimler American Depository Receipts" to supply all required details of your transaction(s) in Daimler American Depository Receipts.  Use Part III of this form entitled "Schedule of Transactions in Daimler Global Registered Shares" to supply

all required details of your transaction(s) in Daimler Global Registered Shares. Shares traded as DAI or DMLRY are not eligible.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to: (i) all of your holdings of Daimler American Depository Receipts and/or Global Registered Shares as of the beginning of trading on February 22, 2012; (ii) all of your purchases and acquisitions of Daimler American Depository Receipts and/or Global Registered Shares which took place at any time from February 22, 2012 through April 21, 2016; (iii) all of your sales of Daimler American Depository Receipts and/or Global Registered Shares which took place at any time from February 22, 2012 through July 20, 2016; and (iv) all of your holdings in Daimler American Depository Receipts and/or Global Registered Shares as of the close of trading on July 20, 2016, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.    The date of covering a "short sale" is deemed to be the date of purchase of Daimler American Depository Receipts and/or Global Registered Shares.  The date of a "short sale" is deemed to be the date of sale of Daimler American Depository Receipts and/or Global Registered Shares.

4.    Copies of broker confirmations or other documentation of your transactions in Daimler American Depository Receipts and/or Global Registered Shares should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Parties do not have information about your transactions in Daimler American Depository Receipts and/or Global Registered Shares.

5.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (XXX) XXX-XXXX to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## **PART I – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                        Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                        Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

1

2

3

Street Address

4

5

City                                                                    State/Province    Zip Code

6

7

8

Foreign Postal Code (if applicable)                    Foreign Country (if applicable)

9

10

11

Telephone Number (Day)                                    Telephone Number (Evening)

12

13

14

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

15

16

17

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

18

19

20

☐ Partnership          ☐ Estate          ☐ Trust          ☐ Other (describe: _____)

21

22

23

24

25

26

27

28

**PART II – SCHEDULE OF TRANSACTIONS IN DAIMLER AMERICAN DEPOSITORY RECEIPTS**

**1.  BEGINNING HOLDINGS** – State the total number of shares of Daimler American Depository Receipts held as of the opening of trading on February 22, 2012. (Shares traded as DMLRY are not eligible.)  If none, write "0" or "Zero."  (Must be documented.)  _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Daimler American Depository Receipts as of the opening of trading on February 22, 2012 through and including the close of trading on April 21, 2016.  (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of American Depository Receipts purchased/acquired from after the opening of trading on April 22, 2016 through the close of trading on July 20, 2016.[1]  (Must be documented.)

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of American Depository Receipts from after the opening of trading on February 22, 2012 through the close of trading on July 20, 2016.  (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |

**5.  ENDING HOLDINGS** – State the total number of shares of American Depository Receipts held as of the close of trading on July 20, 2016.  If none, write "0" or "Zero." (Must be documented.)  _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

_____

[1] Information requested in this Claim Form with respect to your transactions from the opening of trading on April 22, 2016 through the close of trading on July 20, 2016, is needed only in order to balance your claim. Purchases/acquisitions/sales during this period are not eligible to participate in the Settlement because they are outside the Class Period.

**PART III – SCHEDULE OF TRANSACTIONS IN DAIMLER GLOBAL REGISTERED SHARES**

**1.  BEGINNING HOLDINGS** – State the total number of shares of Daimler Global Registered Shares held as of the opening of trading on February 22, 2012.  (Shares traded as DAI are not eligible.)  If none, write "0" or "Zero."  (Must be documented.)  _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Daimler Global Registered Shares as of the opening of trading on February 22, 2012 through the close of trading on April 21, 2016.[2]  (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Global Registered Shares purchased/acquired from after the opening of trading on April 22, 2016 through the close of trading on July 20, 2016.  (Must be documented.)

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of Global Registered Shares from after the opening of trading on February 22, 2012 through the close of trading on July 20, 2016.  (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |
| /          / | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Global Registered Shares held as of the close of trading on July 20, 2016.  If none, write "0" or "Zero."  (Must be documented.)  _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form

---

[2] Information requested in this Claim Form with respect to your transactions from the opening of trading on April 22, 2016 through the close of trading on July 20, 2016, is needed only in order to balance your claim. Purchases/acquisitions/sales during this period are not eligible to participate in the Settlement because they are outside the Class Period.

under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Daimler American Depository Receipts and/or Global Registered Shares, in the United States, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Daimler American Depository Receipts and/or Global Registered Shares, in the United States during the alleged Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in Daimler American Depository Receipts and/or Global Registered Shares, in the United States that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2020

_____        _____
Signature of Claimant                                  (Type or print name of Claimant)

_____        _____
Signature of Joint Claimant, if any             (Type or print name of Joint Claimant, if
any)

_____        _____
Signature of person signing on behalf        (Type or print name of person signing,
of Claimant                                               on behalf of Claimant)

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Proof of Claim for your records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.  If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit A-3

1  GLANCY PRONGAY &
      MURRAY LLP
2  JOSHUA L. CROWELL (295411)
3  1925 Century Park East
   Suite 2100
4  Los Angeles, CA 90067
   Telephone: (310) 201-9150
5  Facsimile: (310) 432-1495
   jcrowell@glancylaw.com
6
7  *Liaison Counsel for Lead Plaintiff the*
   *Public School Retirement System of the*
8  *School District of Kansas City,*
   *Missouri and Liaison Counsel*
9  *for the Proposed Class*

   LABATON SUCHAROW LLP
   JAMES W. JOHNSON (*pro hac vice*)
   MICHAEL H. ROGERS (*pro hac vice*)
   IRINA VASILCHENKO (*pro hac vice*)
   JAMES T. CHRISTIE (*pro hac vice*)
   MARGARET SCHMIDT (*pro hac vice*)
   140 Broadway
   New York, NY 10005
   Telephone: (212) 907-0700
   Facsimile: (212) 818-0477
   jjohnson@labaton.com
   mrogers@labaton.com
   ivasilchenko@labaton.com
   jchristie@labaton.com
   mschmidt@labaton.com

   *Attorneys for Lead Plaintiff the Public*
   *School Retirement System of the*
   *School District of Kansas City,*
   *Missouri and Lead Counsel*
   *for the Proposed Class*

10
11

12  **UNITED STATES DISTRICT COURT**
13  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated, | Case No. 16-cv-02942-DSF-KS |
| | Judge: Hon. Dale S. Fischer |
| Plaintiffs, | |
| v. | |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated, | Case No. 16-cv-03412-DSF-KS |
| Plaintiffs, | |
| v. | **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4

**TO:   ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED DAIMLER AMERICAN DEPOSITORY RECEIPTS AND/OR GLOBAL REGISTERED SHARES, IN THE UNITED STATES, DURING THE PERIOD FROM FEBRUARY 22, 2012 THROUGH APRIL 21, 2016, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY ("SETTLEMENT CLASS").**

5
6
7
8
9
10
11
12

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed Settlement Class, and Daimler AG ("Daimler" or the "Company"), and Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $19,000,000 (the "Settlement").

13
14
15
16
17
18
19
20
21
22
23
24
25
26

A hearing will be held before the Honorable Dale S. Fischer, on _____, 2020, at ____ ___.m., either in person or telephonically at the Court's discretion, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated April ____, 2020; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

27
28

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Daimler AG Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
\_\_\_\_ \_\_\_\_-\_\_\_\_\_

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

James W. Johnson Esq.
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ \_\_, 2020.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than _____ __, 2020.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***received no later than _____ __, 2020***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____,                    BY ORDER OF THE COURT
2020                                          UNITED STATES DISTRICT COURT
                                              CENTRAL DISTRICT OF CALIFORNIA

# Exhibit B

1

2

3

4

5

6

7

8

9                     **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated, | Master File No. 16-cv-02942-DSF-KS |
| Plaintiffs, | Judge:      Hon. Dale S. Fischer |
| v. | |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated, | Case No. 16-cv-03412-DSF-KS |
| Plaintiffs, | |
| v. | |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| Defendants. | |

WHEREAS:

A.    As of April _____ 2020, Lead Plaintiff Public School Retirement System of the School District of Kansas City, Missouri ("Lead Plaintiff" or "Kansas City") on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Daimler AG ("Daimler" or the "Company"), Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016, on the merits and with prejudice (the "Settlement");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2020, at _____ _.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all

1

potential Settlement Class Members (defined below) who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.     The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be served on counsel for the Parties such that they were received by _____, 2020;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On _____, 2020, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.   The Settlement Hearing was duly held before this Court on _____, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2020; and (ii) the Notice, which was filed with the Court on _____, 2020.   Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all persons and entities that purchased or otherwise acquired Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in their respective capacities as such.  [Also excluded from the Settlement Class are those investors listed on the attached Exhibit A who timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.]

4.     Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Kansas City as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class.

5.     The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class

Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.  [There have been no objections to the Settlement.]

7.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.   Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016 is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE** as of the Effective Date and without costs to any Party.

9.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     The releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date.  Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11.     Upon the Effective Date of the Settlement, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

12.     Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from

5

1  commencing, instituting, prosecuting, or maintaining any and all of the Released

2  Defendants' Claims against any and all of the Released Plaintiff Parties.

3       13.     This Judgment and the Stipulation, whether or not consummated, and

4  any discussion, negotiation, proceeding, or agreement relating to the Stipulation,

5  the Settlement, and any matter arising in connection with settlement discussions or

6  negotiations, proceedings, or agreements, shall not be offered or received against

7  or to the prejudice of any of the Parties or their respective counsel, for any purpose

8  other than in an action to enforce the terms hereof, and in particular:

9            (a)     do not constitute, and shall not be offered or received against or

10 to the prejudice of any of the Defendants or the Released Defendant Parties as

11 evidence of, or construed as, or deemed to be evidence of any presumption,

12 concession, or admission by any of the Defendants or the Released Defendant

13 Parties with respect to the truth of any allegation by Lead Plaintiff and the

14 Settlement Class, or the validity of any claim that has been or could have been

15 asserted in the Action or in any litigation, including but not limited to the Released

16 Claims, or of any liability, damages, negligence, fault or wrongdoing of

17 Defendants or any person or entity whatsoever;

18           (b)     do not constitute, and shall not be offered or received against or

19 to the prejudice of any of the Defendants or the Released Defendant Parties as

20 evidence of a presumption, concession, or admission of any fault,

21 misrepresentation, or omission with respect to any statement or written document

22 approved or made by any of the Defendants, or against or to the prejudice of Lead

23 Plaintiff, or any other member of the Settlement Class, as evidence of any

24 infirmity in the claims of Lead Plaintiff, or the other members of the Settlement

25 Class;

26           (c)     do not constitute, and shall not be offered or received against or

27 to the prejudice of any of the Defendants or the Released Defendant Parties, Lead

28 Plaintiff, any other member of the Settlement Class, or their respective counsel, as

6

evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.    Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Claim Form: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any

Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order will be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of   _____, 2020

BY THE COURT:

_____

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

1

**EXHIBIT A**

2

**[Those Persons who have validly and timely requested exclusion from the Settlement Class]**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28