# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Master File No. 16-cv-2942 DSF (KSx)<br><br>ORDER RE LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-3412 DSF (KSx) |

The Court requires the following information before it will preliminarily approve the proposed class action settlement:

1. The Supplemental Agreement Regarding Requests for Exclusion is to be filed under seal so that the Court can determine whether it must be filed publicly.

2. How was the National Council of Teachers Retirement chosen to receive any balance in the Net Settlement Fund after it is no longer feasible or economical to make distributions, and why is it an appropriate recipient? The parties should, in any event, propose a recipient more closely related to the nature of the litigation or the class.

3. How was A.B. Data, Ltd. chosen as administrator? Were other estimates solicited or received? If so, how did they compare with A.B. Data, Ltd.'s estimate? If not, why not? What connection, if any, does A.B. Data, Ltd. have with Lead Plaintiff, Plaintiff's counsel, Defendants, or defense counsel?

4. Does the $450,000 amount specified in paragraph 21 of the Stipulation and Agreement of Settlement include payments other than to or on behalf of A.B. Data, Ltd.? If not, what else does it include? Why is Lead Counsel authorized to pay significantly more than AB.Data, Ltd.'s estimate from the Settlement Fund without Court approval?

5. Paragraph 26 of the Stipulation and Agreement of Settlement provides for redistribution of the settlement proceeds until that is "no longer feasible and economical." Who determines whether it is no longer feasible and economical? What is the standard for that determination? Why should Court approval not be required?

6. Why was $10.00 chosen as the floor for a prorated payment? What difference do the parties foresee if the amount were reduced to $5.00? Is there an estimate of what percentage of the total class, or those class members likely to submit claims, might be entitled to $10.00 or more? Why are class members that

originally were entitled only to $9.99, for example, and therefore received no check to cash, not eligible to be included in the redistribution if a redistribution analysis would cause their prorated payment to exceed $10.00?

This information should be provided no later than July 27, 2020.

IT IS SO ORDERED.

Date: June 24, 2020

Dale S. Fischer
United States District Judge