1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

VANCOUVER ALUMNI ASSET
HOLDINGS INC., Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs,

v.

DAIMLER AG, DIETER ZETSCHE,
BODO UEBBER, and THOMAS
WEBER,

Defendants.

Master File No. 16-cv-02942-DSF-KS

MARIA MUNRO, Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs,

v.

DAIMLER AG, DIETER ZETSCHE,
BODO UEBBER, and THOMAS
WEBER,

Defendants.

Case No. 16-cv-03412-DSF-KS

**ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM
AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON
FINAL APPROVAL OF
SETTLEMENT**

WHEREAS, as of April 20, 2020, Lead Plaintiff Public School Retirement System of the School District of Kansas City, Missouri ("Lead Plaintiff" or "Kansas City"), on behalf of itself and all other members of the proposed Settlement Class (defined below), on the one hand, and Daimler AG ("Daimler" or the "Company"), Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), as amended by the Parties' Agreement Regarding Amendments to the Stipulation and Agreement of Settlement, dated September 14, 2020, in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on October 11, 2016, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation, as amended, and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation, as amended, have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation, as amended;

NOW, THEREFORE, IT IS ORDERED:

1.     The Court has reviewed the Stipulation, as amended, and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for the purposes of the Settlement

1

only, the Settlement Class of: all persons and entities that purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) the Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in their respective capacities as such. Settlement Class Members who properly exclude themselves from the Settlement Class by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice will also be excluded.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Kansas City is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class and Glancy Prongay & Murray LLP is preliminarily appointed Liaison Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held on December 14, 2020 at 1:30 p.m. before the Honorable Dale S. Fischer, either in person or telephonically at the Court's discretion, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California, for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release

form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.     The Court approves the retention of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Daimler, to the extent it has not already done so, shall use reasonable efforts to obtain and provide to Lead Counsel, or the Claims Administrator, a list in electronic searchable form, such as Excel, of the names and addresses of record purchasers of Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the Class Period no later than ten (10) calendar days after entry of this Preliminary Approval Order.

9.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Daimler American Depositary Receipts and/or Global Registered Shares, in the United States, during the Class Period as record owners but not as beneficial owners.

(a)     Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (ii) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners

(b)    Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available.

(c)    Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

(d)    Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   The Claims Administrator shall, if requested, reimburse nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners in an amount not to exceed $0.20, plus postage at the current pre-sort rate used by the Claims Administrator, per Notice Packet mailed; or $0.10 per name/mailing address/email address (to the extent available) provided to the Claims Administrator.   Any disputes as to the reasonableness or documentation of expenses incurred will be subject to review by the Court.

10.    Lead Counsel shall, no later than thirty-five (35) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as directed in the Notice, no later than seven (7) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner, including online using the web-page for the Settlement, shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it

must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, e-mail, and telephone number of the Person seeking exclusion, must state that the

8

sender requests to be "excluded from the Settlement Class in *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al*., No. 16-cv-02942-DSF (C.D. Cal.)" and must be signed by such Person or an authorized representative.  Such Persons requesting exclusion are directed to: (i) state the name, address, e-mail, and telephone number of the person or entity requesting exclusion; (ii) state the number of Daimler American Depositary Receipts and/or Global Registered Shares the person or entity purchased or acquired in the United States during the Class Period, as well as the dates and prices of each such purchase or acquisition; and (iii) state the dates, number, and prices of shares of Daimler American Depositary Receipts and/or Global Registered Shares sold during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.   Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.   The Court will consider any Settlement Class Member's objection to, or comment concerning, the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection (or comment) and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and Defendants' Counsel: Christopher S. Turner, Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, D.C.  20004.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the

9

Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.   Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to, or in favor of, the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection (or comment) their intention to appear at the hearing.  Persons who intend to object to (or comment on) the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections (or comments) the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.   Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.   Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20.   All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses, including copies of any objections received, shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.   The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is

10

approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Plaintiffs' Counsel or Lead Plaintiff.

24.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 19, 2019.

DATED this 22nd day of   September, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

11

# Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GLANCY PRONGAY &
  MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the
Public School Retirement System of the
School District of Kansas City,
Missouri and Liaison Counsel
for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public
School Retirement System of the
School District of Kansas City,
Missouri and Lead Counsel
for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-02942-DSF-KS<br><br>Judge:    Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $19,000,000 settlement fund, plus accrued interest, if any, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Public School Retirement System of the School District of Kansas City, Missouri ("Kansas City" or "Lead Plaintiff") that have been asserted on behalf of the proposed Settlement Class against Daimler AG ("Daimler" or the "Company") and Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, the "Individual Defendants," and with the Company, "Defendants").

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**
**Please read this Notice carefully.**

---

[1]   All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated as of April 20, 2020 (the "Stipulation"), and amended by the Agreement Regarding Amendments to the Stipulation and Agreement of Settlement, dated as of September ___, 2020.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2020** | The <u>only</u> way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2020** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2020** | Write to the Parties about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON _____, 2020, FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2020** | Attend the Settlement Hearing about the Settlement, ask to speak in Court. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.   Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $19,000,000

(the "Settlement Amount"), which will be deposited into an Escrow Account, which may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Lead Plaintiff's consulting damages expert's estimate of the number of Daimler American Depository Receipts and Global Registered Shares eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Lead Plaintiff estimates that the average recovery would be approximately $0.68 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.47 per allegedly damaged share after the deduction of the attorneys' fees and expenses discussed below.[2] **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on numerous factors. These factors are fully explained in the Plan of Allocation beginning on page __. Please refer to the Plan for information on the calculation of your Recognized Loss (defined below).

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

**Statement of Potential Outcome of Case if the Action**
**Continued to be Litigated**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants.   The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Daimler securities were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Daimler securities during the Class Period.

4.      Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions.   While Lead Plaintiff believes it has meritorious claims, it recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.      Lead Counsel, on behalf of itself and all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which may include accrued interest.   Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $300,000, plus accrued interest, if any, which may include an application pursuant

to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.21 per allegedly damaged share.  A copy of the Fee and Expense Application will be posted on www._____.com after it has been filed with the Court.

**Reasons for the Settlement**

6.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, James W. Johnson, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: c/o _____, (_____) ____-____, www.___.com; or Lead Counsel.

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

5

**Please Do Not Call or Write the Court About the Settlement.**

**[END OF PSLRA COVER PAGE]**
**BASIC INFORMATION**

**1. Why did I get this Notice?**

9.    You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares in the United States during the Class Period, and may be a Settlement Class Member.  This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.    The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement, and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.    The Court in charge of the Action is the United States District Court for the Central District of California, and the case is known as *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG,* No. 2:16-cv-02942-DSF-KS.  At the time this Notice is issued, the Action is assigned to the Honorable Dale S. Fischer, United States District Judge.

**2. What is this case about?**

12.    Daimler and certain of its subsidiaries develop, manufacture, distribute, and sell cars, vans, trucks, and buses in various jurisdictions.  The

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

6

Action arises out of Defendants' allegedly false and misleading representations and omissions regarding Daimler's diesel car and van emissions control systems, known as BlueTEC.  Lead Plaintiff alleged that Daimler consistently claimed, throughout the Class Period, that, for example, its BlueTEC passenger and light-duty vehicle offerings were "the cleanest diesel cars in the world."  Lead Plaintiff alleged, however, that numerous independent tests performed by regulatory agencies and non-governmental organizations demonstrated that under typical driving conditions Daimler's vehicles significantly exceeded the maximum nitrous oxide emissions ("NOx") levels set by U.S. and European regulators.  Defendants denied that the Company used a "defeat device" designed to meet regulatory emissions requirements in a testing environment.

13.    On April 21, 2016, the Company announced that the U.S. Department of Justice ("DOJ") had requested that it conduct an internal investigation concerning its exhaust emissions in the United States.  On April 22, 2016, it was allegedly reported that Daimler was recalling 247,000 vehicles in Germany to fix emissions issues.

14.    As a result of Defendants' alleged misrepresentations and omissions, certain Daimler securities allegedly traded at artificially inflated prices during the Class Period.

15.    Beginning in April 2016, two securities class action complaints were filed in the United States District Court for the Central District of California on behalf of investors in Daimler.  The actions were consolidated by an Order dated July 20, 2016. By the same Order, the Court appointed Kansas City as Lead Plaintiff, pursuant to the PSLRA, and approved Lead Plaintiff's selection of Labaton Sucharow LLP as Lead Counsel and Glancy Prongay & Murray as Liaison Counsel.

16.    On October 11, 2016, Lead Plaintiff filed the Consolidated Class

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

7

Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") on behalf of a class of all purchasers of Daimler's American Depository Receipts from February 22, 2012 through April 21, 2016, inclusive. On January 20, 2017, Defendants filed a motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) as well as a motion to dismiss pursuant to Rule 12(b)(6). Lead Plaintiff opposed both motions on March 20, 2017. On April 3, 2017, Defendants filed reply briefs in further support of their motions.

17.     On May 31, 2019, the Court entered an order denying Defendants' motion to dismiss for personal jurisdiction and granting in part, and denying in part, Defendants' motion to dismiss for failure to state a claim. In particular, the Court denied Defendants' Rule 12(b)(6) motion to dismiss under *Morrison v. National Australia Bank*, 561 U.S. 247 (2010), finding that the purchases of the Daimler securities at issue were domestic securities transactions and, therefore, subject to Section 10(b) liability; denied Defendants' motion for failure to sufficiently plead that Defendants' statements and omissions were false when made; denied Defendants' motion for failure to plead scienter, except as to Defendant Mercedes-Benz USA, LLC (Daimler's American subsidiary), which the Court granted in part; and denied the motion to dismiss for failure to adequately plead loss causation.

18.     In October 2019, Lead Plaintiff and Defendants, through their counsel, conferred about the possibility of reaching a negotiated resolution of the Action and agreed to participate in a mediation under the auspices of the Honorable Daniel Weinstein of JAMS (the "Mediator"), with assistance from Ambassador (ret'd.) David Carden. In advance of the mediation, the Parties held

discussions and exchanged information amongst themselves and also submitted detailed mediation statements and exhibits to the Mediator, which addressed issues of both liability and damages.  On December 19, 2019, the Parties met for a full-day mediation with Judge Weinstein and Ambassador Carden.  After negotiations, the Parties agreed, in principle, to a settlement in the amount of $19 million based on the Mediator's recommendation, subject to the negotiation of a mutually acceptable Settlement Term Sheet and long form stipulation of settlement and completion of additional due diligence to confirm the reasonableness of the Settlement.  The Settlement Term Sheet was executed by the Parties on February 20, 2020.

19.    Lead Plaintiff, through Lead Counsel, has conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company, including European and domestic emissions regulations, regulatory submissions by Daimler and other auto manufacturers, investigative reports regarding diesel emissions and defeat devices, and engineering analyses; (v) documents produced in response to Freedom of Information Act ("FOIA") requests issued to emissions regulators, including the Environmental Protection Agency ("EPA") and California Air Resources Board ("CARB"); and (vi) the applicable law governing the claims and potential defenses.  Lead Counsel identified approximately 103 former Daimler and Mercedes-Benz employees and other persons with relevant knowledge and

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

9

interviewed 30 of them, and consulted with experts on damages, diesel emissions and regulatory issues.

### 3.  Why is this a class action?

20.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.  What are the reasons for the Settlement?

21.    The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

22.    Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint.  The Settlement should not be seen as an admission or concession on the part of Defendants.  Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation, as amended.

### 5.  How do I know if I am part of the Settlement Class?

23.    The Court preliminarily directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):    ***all persons and entities that purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive, and were allegedly damaged thereby.***

24.    Receipt of this Notice does not mean that you are a Settlement Class Member.  The Parties do not have access to your transactions in Daimler American Depository Receipts and/or Global Registered Shares.  Please check your records or contact your broker to see if you are a member of the Settlement Class.  If one of your mutual funds purchased Daimler American Depository Receipts and/or Global Registered Shares during the Class Period, that alone does not make you a Settlement Class Member.   You are a Settlement Class Member only if you individually purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares during the Class Period and were allegedly damaged thereby.

**6.  Are there exceptions to being included?**

25.    Yes.  There are some individuals and entities that are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are:  (i) Defendants; (ii) Immediate Family Members of the Individual Defendants; (iii) any person who was an officer or director of Daimler during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) the parents, subsidiaries, and affiliates of Daimler; and (vi) the legal representatives, heirs, beneficiaries, successors, and assigns of any excluded person or entity, in

their respective capacities as such.   Also excluded from the Settlement Class will be any Person that timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

26.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to fund a $19 million cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.  How can I receive a payment?

27.     To qualify for a payment, you must submit a timely and valid Claim Form and the Effective Date of the Settlement must occur (*see* paragraph __, below).  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www._____.com, or from Lead Counsel's website, www.labaton.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2020.**

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

12

## 9.  When will I receive my payment?

28.    The Court will hold a Settlement Hearing on _____, **2020** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  No payments will be made unless the Effective Date of the Settlement occurs, as defined below in paragraph __.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

## 10.    What am I giving up to receive a payment or by staying in the Settlement Class?

29.    If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)    **"Released Claims"** means any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees, expert or consulting fees, obligations, debts, losses, and any other costs, expenses, or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent that the law permits their release in the Action, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action, including any complaint filed or submitted to the Court in the Action; or (ii) could have asserted in any forum or proceeding that arise out of or

are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint that arise out of the purchase or acquisition of Daimler American Depository Receipts and/or Global Registered Shares in the United States during the Class Period.  For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement or claims alleged in the TILP Litigation Rechtsanwaltsgesellschaft mbH/Daimler AG arising from the purchase and/or acquisition of Daimler shares (Ticker: DAI) outside the United States.

(b)  **"Released Defendant Parties"** means Defendants, all their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint venturers, subcontractors, agents, attorneys, insurers, subrogees, co-insurers and reinsurers, all their respective, past, present and future officers, directors, employees, members, partners, principals, shareholders and owners, and all their respective heirs, executors, administrators, personal representatives, trustees, predecessors, successors, transferees and assigns, in their respective capacities as such.

(c)  "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

14

expressly, and each Settlement Class Member and Released Defendant Party shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, all Settlement Class Members, Defendants, or Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiff and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

30.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.  Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

31.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Defendants have the right to terminate the Settlement if a certain threshold of exclusion requests is received.**

### 11.  How do I exclude myself from the Settlement Class?

32.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.*, No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of Daimler

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

16

American Depository Receipts and/or Global Registered Shares the person or entity purchased, acquired, and sold in the United States during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than _____, 2020** to:

*Daimler AG Securities Litigation*
c/o _____
P.O. Box _____
_____

**Your exclusion request must comply with these requirements in order to be valid.**

33.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will no longer be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

**12.  Do I have a lawyer in this case?**

34.     The Court appointed the law firm of Labaton Sucharow LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and expenses, which will be paid from the

Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13.  How will the lawyers be paid?

35.    Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than 30% of the Settlement Fund, which may include accrued interest.  Plaintiffs' Counsel are Lead Counsel, Glancy Prongay & Murray LLP, and Mark Flaherty.  No other attorneys will share in the fee awarded by the Court.  Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been reimbursed for their litigation expenses.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $300,000, plus accrued interest, if any, which may include an application by Lead Plaintiff, in accordance with the PSLRA, for its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 14.    How do I tell the Court that I do not like something about the proposed Settlement?

36.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement.  The Court can only approve or deny this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members and the Action will continue to be litigated.

37.    To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.*, No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."   Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class.   The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) identify the number of Daimler American Depository Receipts and Global Registered Shares purchased, acquired, and sold,  in the United States, during the Class Period, as well as the dates and prices of each such purchase, acquisition and sale.   Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.   Your objection must be mailed or delivered to the following counsel so that it is **received no later than _____, 2020:**

<table>
<tr><td align="center">**Lead Counsel**</td><td align="center">**Defendants' Counsel**</td></tr>
<tr><td align="center">**Labaton Sucharow LLP**<br>James W. Johnson, Esq.<br>140 Broadway<br>New York, NY  10005</td><td align="center">**Latham & Watkins LLP**<br>Christopher S. Turner<br>555 Eleventh Street<br>Suite 1000<br>Washington, DC 20004</td></tr>
</table>

**PLEASE DO NOT CONTACT THE COURT**

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

19

**15.  What is the difference between objecting and seeking exclusion?**

38.   Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

### THE SETTLEMENT HEARING

**16.  When and where will the Court decide whether to approve the proposed Settlement?**

39.   The Court will hold the Settlement Hearing on _____, _____ at ____ _.m., in Courtroom 7D, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, California, 90012.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

40.   You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has   not   changed,   periodically   check   the   Court's   website   at

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

20

https://www.cacd.uscourts.gov, or periodically check the settlement website at www._____.com to see if the Settlement Hearing stays as calendared or is changed.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

### 17.  Do I have to come to the Settlement Hearing?

41.    No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2020**.

### 18.  May I speak at the Settlement Hearing?

42.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 14), **no later than _____ __, 2020,** a statement that you, or your attorney, intend to appear in "*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al*., No. 2:16-cv-02942-DSF-KS (C.D. Cal.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

| **19.  What happens if I do nothing at all?** |
| --- |

43.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

**GETTING MORE INFORMATION**

| **20.  Are there more details about the Settlement?** |
| --- |

44.    This Notice summarizes the proposed Settlement.  More details are in the Stipulation, as amended.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2020 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

45.    Subscribers to PACER can view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

46.    You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at *Daimler AG Securities Litigation,* c/o _____ _____, ____; or visiting the website dedicated to the Settlement, www._____.com or the website of Lead Counsel, www.labaton.com.  **Please do not call or write the**

1   **Court with questions about the Settlement.**

2

3   **PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

4   | **21.  How will my claim be calculated?** |
    | --- |

5   47.   As discussed above, the Settlement Amount and any interest it earns

6   constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-

7   approved attorneys' fees and litigation expenses, Notice and Administration

8   Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net

9   Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement

10  Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the

11  Settlement Class who timely submit valid Claim Forms that are accepted for

12  payment – in accordance with the proposed Plan of Allocation set forth below, or

13  such other plan of allocation as the Court may approve.  The Court may approve

14  this proposed Plan of Allocation, or modify it, without additional notice to the

15  Settlement Class.  Any order modifying the Plan of Allocation will be posted on

16  the settlement website, www._____.com.  Settlement Class Members who

17  do not timely submit valid Claim Forms will not share in the Net Settlement Fund,

18  but will otherwise be bound by the Settlement.

19  48.   The objective of the Plan of Allocation is to distribute the Net

20  Settlement Fund equitably among those Settlement Class Members who suffered

21  economic losses as a proximate result of the alleged wrongdoing.  The Plan of

22  Allocation is not intended to estimate, or be indicative of, the amounts that

23  Settlement Class Members might have been able to recover after a trial.  Because

24  the Net Settlement Fund is less than the total losses alleged to be suffered by

25  Settlement Class Members, the formulas described below for calculating

26  Recognized Losses are not intended to estimate the amounts that will actually be

27

28

paid to Authorized Claimants.  The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

49.   For purposes of determining the amount a claimant may recover under the Plan, Lead Counsel conferred with its damages consultants and the Plan reflects an assessment of the daily per share artificial inflation amounts that allegedly were caused by the false and misleading statements and material omissions.   In calculating the estimated artificial inflation, Lead Plaintiff's damages consultants considered price changes in Daimler American Depository Receipts and/or Global Registered Shares (collectively "Daimler Securities"), in the United States, in reaction to certain public announcements in which the misrepresentations and omissions were alleged to have been disclosed to the market, adjusting for price changes that were attributable to nonactionable market or industry forces.

50.   In order to have recoverable losses in connection with purchases and/or acquisitions of Daimler Securities during the Class Period, disclosure(s) of the allegedly misrepresented or omitted information must be the cause of the decline in the price of Daimler Securities.  In this case, it is alleged that artificial inflation was removed from the prices of Daimler Securities over the course of September 21, 2015-September 22, 2015, and on April 22, 2016.  To have a loss, among other things, you must have purchased and/or acquired a Daimler Security during the Class Period and held it through at least September 20, 2015.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.   For purposes of determining whether a claimant has a Recognized Loss, purchases, acquisitions, and sales of Daimler Securities will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

24

than one purchase/acquisition or sale of any eligible Daimler Security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

52. The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase of Daimler Securities, in the United States, during the Class Period (February 22, 2012 through April 21, 2016, inclusive) that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number or zero, the Recognized Loss Amount shall be set to zero.

53. The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Loss." An Authorized Claimant's "Recognized Loss" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

### Daimler American Depository Receipt Calculations

54. **Table-1** (below) provides the per share amount of artificial inflation in Daimler ADRs during the Class Period for specified periods. Each claimant's Recognized Loss Amount per ADR, if any, will be computed as follows:

(a) If an ADR is sold with an equal, or greater, amount of artificial inflation (*see* **Table-1**), the Recognized Loss Amount per ADR is zero.

(b) If sold prior to September 21, 2015, the Recognized Loss Amount per ADR is zero.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

25

(c) If sold on September 21, 2015, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

    i) the difference between the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**) and the per ADR inflation in the Daimler ADR price at time of sale (*see* **Table-1**); and

    ii) the difference between the purchase price per ADR and the sales price per ADR.

(d) If sold on or after September 22, 2015 and prior to April 22, 2016, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

    i) the difference between the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**) and the per ADR inflation in the Daimler ADR price at time of sale (*see* **Table-1**); and

    ii) the difference between the purchase price per ADR and the sales price per ADR.

(e) If sold on or after April 22, 2016 and on or before July 20, 2016,[3] the Recognized Loss Amount per ADR is equal to the ***lesser of***:

    i) the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**); and

    ii) the difference between the purchase price per ADR and the average closing price per ADR up to the date of sale as set forth in **Table-2** below.

(f) If held as of the close of trading on July 20, 2016 or sold thereafter, the Recognized Loss Amount per ADR is equal to the ***lesser of***:

    i) the per ADR inflation in the Daimler ADR price at time of purchase (*see* **Table-1**); and

    ii) the difference between the purchase price  and $65.32 per ADR.[4]

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  In this case, the 90-day period ends on July 20, 2016.

**Daimler Global Registered Share Calculations**

55.    Table-3 (attached hereto) provides the per share amount of artificial inflation in Daimler Global Registered Shares during the Class Period for specified periods. Each Claimant's Recognized Loss Amount per share, if any, will be computed as follows:

(a) If a Global Registered Share is sold with an equal, or greater, amount of artificial inflation (*see* **Table-3**), the Recognized Loss Amount per share is zero.

(b) If sold prior to September 21, 2015, the Recognized Loss Amount per share is zero.

(c) If sold on September 21, 2015, the Recognized Loss Amount per share is equal to the lesser of:

   i) the difference between the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**) and the per share inflation in the Daimler Global Registered Share price at time of sale (*see* **Table-3**); and

   ii) the difference between the purchase price per share and the sales price per share.

(d) If sold on or after September 22, 2015 and prior to April 22, 2016, the Recognized Loss Amount per share is equal to the ***lesser of***:

   i) the difference between the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**) and the per share inflation in the Daimler Global Registered Share price at time of sale (*see* **Table-3**); and

---

[4]    Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Recognized Loss Amounts for Daimler ADRs are reduced to an appropriate extent by taking into account the closing prices of Daimler ADRs during the 90-day look-back period. The mean (average) closing price for Daimler ADRs during this 90-day look-back period was $65.32 per share as shown in Table-2.

ii) the difference between the purchase price per share and the sales price per share.

(e) If sold on after April 22, 2016 and sold on or before July 20, 2016, the Recognized Loss Amount per share is equal to the *lesser of*:

i)  the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**); and

ii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in **Table-4** below.

(f) If held as of the close of trading on July 20, 2016 or sold thereafter, the Recognized Loss Amount per share is equal to the *lesser of*:

i)  the per share inflation in the Daimler Global Registered Share price at time of purchase (*see* **Table-3**); and

ii) the difference between the purchase price per share and $65.37 per share.[5]

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

56.    Only Daimler American Depository Receipts and Global Registered Shares purchased in the United States are eligible for a recovery in the Settlement.

57.    Purchases/acquisitions and sales of Daimler Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.   The receipt or grant by gift, inheritance or

---

[5]    Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."   Consistent with the requirements of the statute, Recognized Loss for Daimler Global Registered Shares are reduced to an appropriate extent by taking into account the closing prices of Daimler Global Registered Shares during the 90-day look-back period. The mean (average) closing price for Daimler Global Registered Shares during this 90-day look-back period was $65.37 per share as shown in Table-4.

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-cv-02942-DSF-KS and Case No. 16-cv-03412-DSF-KS

28

operation of law of Daimler Securities during the Class Period shall not be deemed a purchase, acquisition or sale of Daimler Securities for the calculation of a claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Daimler Securities unless (i) the donor or decedent purchased or otherwise acquired such Daimler Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Daimler Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

58.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the share of Daimler Securities.  The date of a "short sale" is deemed to be the date of sale of the respective Daimler Security.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchases/acquisitions used to cover "short sales" is zero.  In the event that a claimant has an opening short position in Daimler Securities, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchases or acquisitions shall be matched against such short position on a FIFO basis and not be entitled to a recovery.

59.    Option contracts to purchase or sell Daimler Securities are not securities eligible to participate in the Settlement.  With respect to Daimler Securities purchased or sold through the exercise of an option, the purchase/sale date of the Daimler Security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

29

60.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

61.     Distributions to eligible Authorized Claimants will be made after claims have been processed.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute to Authorized Claimants.  Once Lead Counsel, in consultation with the Claims Administrator, believes it is no longer feasible or economical to make further distributions of the Net Settlement Fund to Authorized Claimants, and has sought Court approval to cease making distributions if required to do so as set forth below, the balance that still remains in the Net Settlement Fund after such re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed, in equal shares, to The Council of Institutional Investors and Consumer Federation of America, or such other non-profit and non-sectarian organization(s) approved by the Court.  If the unclaimed balance is $20,000 or more, Lead Counsel must seek Court approval before ceasing to make distributions and making the *cy pres* donation.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

30

62.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all claimants.   No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's consulting damages experts, Defendants, Defendants' Counsel, any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, as amended, the Plan of Allocation approved by the Court, or further orders of the Court.   Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

63.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any claimant.   Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

### **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

64.    If you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, (**note**: shares traded as DAI or DMLRY are not eligible), during the Class Period for the beneficial interest of a person or entity other than yourself,  the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

31

purchased shares during the Class Period; or (b) request additional copies of the Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice directly to all the beneficial owners of those securities.  You must also provide email addresses of such beneficial owners to the Claims Administrator, to the extent available.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.   You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses (not to exceed $0.10 per name and mailing address or $0.20, plus postage at the then current pre-sort rate used by the Claims Administrator, per Notice) actually incurred in connection with the foregoing, assuming the expenses would not have been incurred except for the sending of such Notice.  Expenses will be paid upon submission of appropriate supporting documentation and timely and full compliance with the above directives.   All communications concerning the foregoing should be addressed to the Claims Administrator: *Daimler AG Securities Litigation*, Claims Administrator, _____, (800) ____, [email], www._____.

Dated: _____, 2020_____         BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**TABLE-1**

**Daimler ADR Artificial Inflation Per ADR**

| Date Range | Per ADR Inflation in ADR Price |
|---|---|

| | | |
|---|---|---|
| 2/22/2012 | 9/20/2015 | $5.52 |
| 9/21/2015 | | $4.23 |
| 9/22/2015 | 4/21/2016 | $2.96 |
| On and after 4/22/2016 | | $0.00 |

**TABLE 2**

**Daimler ADR Closing Prices and Average Closing Prices**
**April 22, 2016 – July 20, 2016**

| Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown | Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown |
|---|---|---|---|---|---|
| 4/22/2016 | $71.10 | $71.10 | 6/7/2016 | $68.26 | $67.76 |
| 4/25/2016 | $70.78 | $70.94 | 6/8/2016 | $67.92 | $67.76 |
| 4/26/2016 | $71.16 | $71.01 | 6/9/2016 | $66.57 | $67.73 |
| 4/27/2016 | $70.99 | $71.01 | 6/10/2016 | $64.97 | $67.65 |
| 4/28/2016 | $71.26 | $71.06 | 6/13/2016 | $63.70 | $67.54 |
| 4/29/2016 | $69.51 | $70.80 | 6/14/2016 | $61.71 | $67.38 |
| 5/2/2016 | $70.34 | $70.73 | 6/15/2016 | $62.37 | $67.25 |
| 5/3/2016 | $68.61 | $70.47 | 6/16/2016 | $61.65 | $67.11 |
| 5/4/2016 | $67.44 | $70.13 | 6/17/2016 | $62.85 | $67.00 |
| 5/5/2016 | $67.34 | $69.85 | 6/20/2016 | $66.15 | $66.98 |
| 5/6/2016 | $67.85 | $69.67 | 6/21/2016 | $66.12 | $66.96 |
| 5/9/2016 | $68.08 | $69.54 | 6/22/2016 | $66.56 | $66.95 |
| 5/10/2016 | $68.49 | $69.46 | 6/23/2016 | $68.09 | $66.97 |
| 5/11/2016 | $67.89 | $69.35 | 6/24/2016 | $61.20 | $66.85 |
| 5/12/2016 | $67.01 | $69.19 | 6/27/2016 | $58.58 | $66.67 |
| 5/13/2016 | $66.47 | $69.02 | 6/28/2016 | $59.32 | $66.51 |
| 5/16/2016 | $66.66 | $68.88 | 6/29/2016 | $59.66 | $66.37 |
| 5/17/2016 | $65.47 | $68.69 | 6/30/2016 | $59.46 | $66.23 |
| 5/18/2016 | $64.97 | $68.50 | 7/1/2016 | $60.94 | $66.12 |
| 5/19/2016 | $64.32 | $68.29 | 7/5/2016 | $58.07 | $65.96 |
| 5/20/2016 | $64.85 | $68.12 | 7/6/2016 | $57.54 | $65.80 |
| 5/23/2016 | $63.75 | $67.92 | 7/7/2016 | $57.89 | $65.65 |
| 5/24/2016 | $64.92 | $67.79 | 7/8/2016 | $59.75 | $65.54 |
| 5/25/2016 | $66.99 | $67.76 | 7/11/2016 | $61.00 | $65.46 |
| 5/26/2016 | $68.10 | $67.77 | 7/12/2016 | $63.82 | $65.43 |
| 5/27/2016 | $67.55 | $67.77 | 7/13/2016 | $63.58 | $65.40 |

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

33

| | | | | | |
|---|---|---|---|---|---|
| 5/31/2016 | $68.34 | $67.79 | 7/14/2016 | $64.95 | $65.39 |
| 6/1/2016 | $67.43 | $67.77 | 7/15/2016 | $64.64 | $65.38 |
| 6/2/2016 | $67.64 | $67.77 | 7/18/2016 | $64.52 | $65.36 |
| 6/3/2016 | $67.18 | $67.75 | 7/19/2016 | $63.49 | $65.33 |
| 6/6/2016 | $67.47 | $67.74 | 7/20/2016 | $64.60 | $65.32 |

### TABLE-3

**Artificial Inflation Per Global Registered Share**

| Date Range | Per Share Inflation in Share Price |
|---|---|
| 2/22/2012        9/20/2015 | $5.60 |
| 9/21/2015 | $4.37 |
| 9/22/2015        4/21/2016 | $2.80 |
| On and after 4/22/2016 | $0.00 |

### TABLE 4

**Daimler Global Registered Share Closing Prices and Average Closing Prices**
**April 22, 2016 – July 20, 2016**

| Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown | Date | Closing Price | Average Closing Price Between 4/22/2016 and Date Shown |
|---|---|---|---|---|---|
| 4/22/2016 | $70.85 | $70.85 | 6/7/2016 | $67.86 | $67.69 |
| 4/25/2016 | $70.72 | $70.79 | 6/8/2016 | $67.80 | $67.70 |
| 4/26/2016 | $71.35 | $70.97 | 6/9/2016 | $66.72 | $67.67 |
| 4/27/2016 | $71.31 | $71.06 | 6/10/2016 | $64.31 | $67.57 |
| 4/28/2016 | $70.58 | $70.96 | 6/13/2016 | $63.19 | $67.45 |
| 4/29/2016 | $69.76 | $70.76 | 6/14/2016 | $62.04 | $67.30 |
| 5/2/2016 | $70.55 | $70.73 | 6/15/2016 | $62.27 | $67.17 |
| 5/3/2016 | $68.73 | $70.48 | 6/16/2016 | $63.08 | $67.07 |
| 5/4/2016 | $67.35 | $70.13 | 6/17/2016 | $63.59 | $66.98 |
| 5/5/2016 | $67.20 | $69.84 | 6/20/2016 | $65.80 | $66.95 |
| 5/6/2016 | $68.00 | $69.67 | 6/21/2016 | $66.56 | $66.94 |
| 5/9/2016 | $68.22 | $69.55 | 6/22/2016 | $66.69 | $66.94 |
| 5/10/2016 | $68.64 | $69.48 | 6/23/2016 | $68.89 | $66.98 |
| 5/11/2016 | $67.43 | $69.33 | 6/24/2016 | $60.80 | $66.84 |

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 16-CV-02942-DSF-KS AND CASE NO. 16-CV-03412-DSF-KS

34

| | | | | | |
|---|---|---|---|---|---|
| 5/12/2016 | $67.00 | $69.18 | 6/27/2016 | $59.60 | $66.69 |
| 5/13/2016 | $66.20 | $68.99 | 6/28/2016 | $60.20 | $66.55 |
| 5/16/2016 | $66.64 | $68.85 | 6/29/2016 | $59.65 | $66.40 |
| 5/17/2016 | $65.29 | $68.66 | 6/30/2016 | $60.00 | $66.27 |
| 5/18/2016 | $64.57 | $68.44 | 7/1/2016 | $60.88 | $66.16 |
| 5/19/2016 | $62.99 | $68.17 | 7/5/2016 | $57.75 | $66.00 |
| 5/20/2016 | $64.68 | $68.00 | 7/6/2016 | $58.17 | $65.85 |
| 5/23/2016 | $64.07 | $67.82 | 7/7/2016 | $57.60 | $65.69 |
| 5/24/2016 | $65.22 | $67.71 | 7/8/2016 | $59.87 | $65.59 |
| 5/25/2016 | $67.18 | $67.69 | 7/11/2016 | $62.35 | $65.53 |
| 5/26/2016 | $67.89 | $67.70 | 7/12/2016 | $63.74 | $65.49 |
| 5/27/2016 | $67.56 | $67.69 | 7/13/2016 | $63.45 | $65.46 |
| 5/31/2016 | $68.22 | $67.71 | 7/14/2016 | $65.13 | $65.45 |
| 6/1/2016 | $67.52 | $67.70 | 7/15/2016 | $64.46 | $65.44 |
| 6/2/2016 | $68.00 | $67.71 | 7/18/2016 | $64.51 | $65.42 |
| 6/3/2016 | $67.23 | $67.70 | 7/19/2016 | $63.30 | $65.39 |
| 6/6/2016 | $67.40 | $67.69 | 7/20/2016 | $64.61 | $65.37 |

# Exhibit 2

GLANCY PRONGAY
    & MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the*
*Public School Retirement System of the*
*School District of Kansas City,*
*Missouri and Liaison Counsel*
*for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public*
*School Retirement System of the*
*School District of Kansas City,*
*Missouri and Lead Counsel*
*for the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>        Defendants. | Master File No. 16-cv-02942-DSF-KS<br><br>Judge:     Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>        Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**PROOF OF CLAIM AND RELEASE**<br><br>EXHIBIT A-2 |

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Settlement Class based on your claims in the action entitled *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG, et al.,* No. 2:16-cv-02942-DSF-KS (C.D. Cal.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.   Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.   **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.____ NO LATER THAN _____, 2020 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS:**

*Daimler AG Securities Litigation*
Claims Administrator
c/o _____
_____
_____
www.xxxxxxxx.com

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), which accompanies this Claim Form) DO NOT submit a Claim Form.

4.   If you are a member of the Settlement Class and you did not timely request exclusion in response to the Notice dated _____, 2020, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.   CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired Daimler AG ("Daimler") American Depository Receipts and/or Global Registered Shares, in the United States, during the period from February 22, 2012 through April 21, 2016, inclusive (the "Class Period") and held the shares in your name, you are the beneficial purchaser as well as the record purchaser.   If, however, you purchased or otherwise acquired Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Daimler American Depository Receipts and/or Global Registered Shares, in the United States, during the Class Period that forms the basis of this claim, as well as the purchaser or acquirer of record if different.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S)   OR   THE   LEGAL   REPRESENTATIVE   OF   SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.   The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in Daimler American Depository Receipts" to supply all required details of your transaction(s) in Daimler American Depository Receipts.  Use Part III of this form entitled "Schedule of Transactions in Daimler Global Registered Shares" to supply

all required details of your transaction(s) in Daimler Global Registered Shares. Shares traded as DAI or DMLRY are not eligible.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to: (i) all of your holdings of Daimler American Depository Receipts and/or Global Registered Shares as of the beginning of trading on February 22, 2012; (ii) all of your purchases and acquisitions of Daimler American Depository Receipts and/or Global Registered Shares which took place at any time from February 22, 2012 through April 21, 2016; (iii) all of your sales of Daimler American Depository Receipts and/or Global Registered Shares which took place at any time from February 22, 2012 through July 20, 2016; and (iv) all of your holdings in Daimler American Depository Receipts and/or Global Registered Shares as of the close of trading on July 20, 2016, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3. The date of covering a "short sale" is deemed to be the date of purchase of Daimler American Depository Receipts and/or Global Registered Shares.  The date of a "short sale" is deemed to be the date of sale of Daimler American Depository Receipts and/or Global Registered Shares.

4. Copies of broker confirmations or other documentation of your transactions in Daimler American Depository Receipts and/or Global Registered Shares should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Parties do not have information about your transactions in Daimler American Depository Receipts and/or Global Registered Shares.

5.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (XXX) XXX-XXXX to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                                                 State/Province    Zip Code

Foreign Postal Code (if applicable)                    Foreign Country (if applicable)

Telephone Number (Day)                                     Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                 ☐ Other (describe: _____)

**PART II – SCHEDULE OF TRANSACTIONS IN DAIMLER AMERICAN DEPOSITORY RECEIPTS**

**1.  BEGINNING HOLDINGS** – State the total number of shares of Daimler American Depository Receipts held as of the opening of trading on February 22, 2012. (Shares traded as DMLRY are not eligible.)  If none, write "0" or "Zero."  (Must be documented.)  _____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Daimler American Depository Receipts as of the opening of trading on February 22, 2012 through and including the close of trading on April 21, 2016.  (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of American Depository Receipts purchased/acquired from after the opening of trading on April 22, 2016 through the close of trading on July 20, 2016.[1]  (Must be documented.)

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of American Depository Receipts from after the opening of trading on February 22, 2012 through the close of trading on July 20, 2016. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |
| /        / | | $ | $ |

**5.  ENDING HOLDINGS** – State the total number of shares of American Depository Receipts held as of the close of trading on July 20, 2016.  If none, write "0" or "Zero." (Must be documented.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

---

[1] Information requested in this Claim Form with respect to your transactions from the opening of trading on April 22, 2016 through the close of trading on July 20, 2016, is needed only in order to balance your claim. Purchases/acquisitions/sales during this period are not eligible to participate in the Settlement because they are outside the Class Period.

**PART III – SCHEDULE OF TRANSACTIONS IN DAIMLER GLOBAL REGISTERED SHARES**

**1. BEGINNING HOLDINGS** – State the total number of shares of Daimler Global Registered Shares held as of the opening of trading on February 22, 2012. (Shares traded as DAI are not eligible.) If none, write "0" or "Zero." (Must be documented.) _____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Daimler Global Registered Shares as of the opening of trading on February 22, 2012 through the close of trading on April 21, 2016.[2]  (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Global Registered Shares purchased/acquired from after the opening of trading on April 22, 2016 through the close of trading on July 20, 2016. (Must be documented.)

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of Global Registered Shares from after the opening of trading on February 22, 2012 through the close of trading on July 20, 2016. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of Global Registered Shares held as of the close of trading on July 20, 2016. If none, write "0" or "Zero." (Must be documented.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form

---

[2] Information requested in this Claim Form with respect to your transactions from the opening of trading on April 22, 2016 through the close of trading on July 20, 2016, is needed only in order to balance your claim. Purchases/acquisitions/sales during this period are not eligible to participate in the Settlement because they are outside the Class Period.

under the terms of the Plan of Allocation of Net Settlement Fund described in the accompanying Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.   I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Daimler American Depository Receipts and/or Global Registered Shares, in the United States, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Daimler American Depository Receipts and/or Global Registered Shares, in the United States during the alleged Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.   I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales and other transactions in Daimler American Depository Receipts and/or Global Registered Shares, in the United States that occurred during the Class Period and the number of securities held by me (us), to the extent requested.

5.   I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2020

_____     _____
Signature of Claimant                          (Type or print name of Claimant)

_____     _____
Signature of Joint Claimant, if any      (Type or print name of Joint Claimant, if any)

_____     _____
Signature of person signing on behalf   (Type or print name of person signing, on behalf of Claimant)
of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.    Please sign this Claim Form.

2.    DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.    Attach only copies of supporting documentation as these documents will not be returned to you.

4.    Keep a copy of your Proof of Claim for your records.

5.    The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at XXX-XXX-XXXX.

6.    If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit 3

GLANCY PRONGAY &
    MURRAY LLP
JOSHUA L. CROWELL (295411)
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 432-1495
jcrowell@glancylaw.com

*Liaison Counsel for Lead Plaintiff the
Public School Retirement System of the
School District of Kansas City,
Missouri and Liaison Counsel
for the Proposed Class*

LABATON SUCHAROW LLP
JAMES W. JOHNSON (*pro hac vice*)
MICHAEL H. ROGERS (*pro hac vice*)
IRINA VASILCHENKO (*pro hac vice*)
JAMES T. CHRISTIE (*pro hac vice*)
MARGARET SCHMIDT (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
ivasilchenko@labaton.com
jchristie@labaton.com
mschmidt@labaton.com

*Attorneys for Lead Plaintiff the Public
School Retirement System of the
School District of Kansas City,
Missouri and Lead Counsel
for the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-02942-DSF-KS<br><br>Judge:    Hon. Dale S. Fischer |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER,<br><br>Defendants. | Case No. 16-cv-03412-DSF-KS<br><br>**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**TO:   ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED DAIMLER AMERICAN DEPOSITORY RECEIPTS AND/OR GLOBAL REGISTERED SHARES, IN THE UNITED STATES, DURING THE PERIOD FROM FEBRUARY 22, 2012 THROUGH APRIL 21, 2016, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY ("SETTLEMENT CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed Settlement Class, and Daimler AG ("Daimler" or the "Company"), and Dieter Zetsche, Bodo Uebber, and Thomas Weber (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $19,000,000 (the "Settlement").

A hearing will be held before the Honorable Dale S. Fischer, on _____, 2020, at ____ ____.m., either in person or telephonically at the Court's discretion, in Courtroom 7D of the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated April 20, 2020 and amended by the Parties' Agreement Regarding Amendments to the Stipulation and Agreement of Settlement, dated September __, 2020; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice.

You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Daimler AG Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
____ ____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

James W. Johnson Esq.
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2020.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will

Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 16-CV-02942-DSF-KS and 16-CV-03412-DSF-KS

2

1   nevertheless be bound by all judgments or orders entered by the Court relating to
2   the Settlement, whether favorable or unfavorable.

3        If you are a Settlement Class Member and wish to exclude yourself from the
4   Settlement Class, you must submit a written request for exclusion in accordance
5   with the instructions set forth in the Notice such that it is ***received no later than***
6   _____ __, ***2020.*** If you properly exclude yourself from the Settlement
7   Class, you will not be bound by any judgments or orders entered by the Court
8   relating to the Settlement, whether favorable or unfavorable, and you will not be
9   eligible to share in the distribution of the Net Settlement Fund.

10        Any objections to the proposed Settlement, Lead Counsel's Fee and Expense
11   Application, and/or the proposed Plan of Allocation must be mailed to counsel for
12   the Parties in accordance with the instructions in the Notice, such that they are
13   ***received no later than*** _____ __, ***2020***.

14       **PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR**
15       **DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

16

17   DATED: _____,     BY ORDER OF THE COURT
18   2020               UNITED STATES DISTRICT COURT
19                    CENTRAL DISTRICT OF CALIFORNIA

20
21
22
23
24
25
26
27
28