1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANCOUVER ALUMNI ASSET HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated, | Master File No. 16-cv-02942-DSF-KS |
| Plaintiffs, | |
| v. | |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |
| MARIA MUNRO, Individually and on Behalf of All Others Similarly Situated, | Case No. 16-cv-03412-DSF-KS |
| Plaintiffs, | |
| v. | **ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES** |
| DAIMLER AG, DIETER ZETSCHE, BODO UEBBER, and THOMAS WEBER, | |
| Defendants. | |

On December 14, 2020, this Court held a hearing to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to the representation of the Settlement Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. All capitalized terms used in this Order have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated April 20, 2020 (the "Stipulation"), as amended by the Parties' Agreement Regarding Amendments to the Stipulation and Agreement of Settlement, dated September 14, 2020.

3. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities

1    Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

2    Securities Litigation Reform Act of 1995 ("PSLRA"), and due process, and

3    constituted the best notice practicable under the circumstances, and due and

4    sufficient notice to all persons and entities entitled to notice.

5        4.    Lead Counsel is awarded, on behalf of all Plaintiffs' Counsel,

6    attorneys' fees in the amount of $4,712,328.41[1], plus accrued interest, and

7    payment of litigation expenses in the amount of $150,686.35, plus accrued

8    interest, which sums the Court finds to be fair and reasonable.

9        5.    The award of attorneys' fees and litigation expenses may be paid to

10   Lead Counsel from the Settlement Fund immediately on entry of this Order,

11   subject to the terms, conditions, and obligations of the Stipulation, which terms,

12   conditions, and obligations are incorporated herein.

13       6.    In making this award of attorneys' fees and payment of expenses to

14   be paid from the Settlement Fund, the Court has analyzed the factors considered

15   within the Ninth Circuit and found that:

16           (a)    The Settlement has created a common fund of $19 million in

17   cash and that numerous Settlement Class Members who submit acceptable Claim

18   Forms will benefit from the Settlement created by the efforts of counsel;

19           (b)    The requested attorneys' fees and payment of expenses have

20   been reviewed and approved as fair and reasonable by Lead Plaintiff, a

21   sophisticated institutional investor that was directly involved in the prosecution

22   and resolution of the Action and which has a substantial interest in ensuring that

23   any fees paid to counsel are duly earned and not excessive;

24           (c)    Plaintiffs' Counsel undertook the Action on a contingent

25   basis, and have received no compensation during the Action, and any fee and

26   expense award has been contingent on the result achieved;

27   _____

28   [1] This amount is 25% of the Settlement Fund after deduction of the litigation expenses

(d)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)     Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)     Plaintiffs' Counsel have established that a lodestar cross-check supports the requested fee award, which includes a reasonable multiplier, especially considering that further services must be provided to effectuate the Settlement;

(g)     The amount of attorneys' fees awarded is fair and reasonable and consistent with the 25% benchmark established by the Ninth Circuit Court of Appeals and fee awards approved by courts within the Ninth Circuit with similar recoveries;

(h)     Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $300,000, plus accrued interest; and

(i)     There were no objections to the application for attorneys' fees or expenses.

7.     Lead Plaintiff's request for reimbursement in the amount of $4,000 as "lost wages" for the time its Executive Director Christine Gierer spent on "litigation related activities" is denied.  The Court finds that the time and effort of a salaried employee of an institutional plaintiff do not qualify as "reasonable costs

3

and expenses (including lost wages)"[2] within the meaning of 15 U.S.C.A. § 78u-4(a)(4).

(a)      Neither Lead Plaintiff nor Gierer herself identifies any "lost sales commissions, lost earning opportunities, out-of-pocket expenses, . . . employer-granted vacation time," or any other lost "work or other earning opportunity" that it or she sustained in order to participate in this litigation.  See In re Yahoo! Inc. Sec. Litig., No. 17-CV-00373-LHK, 2018 WL 4283377, at *2 (N.D. Cal. Sept. 7, 2018).  Even if "costs and expenses (including lost wages)" did cover Gierer's time and effort, the reimbursement would not go to Gierer, who spent time on the case, because she is not the Lead Plaintiff.  See Schueneman v. Arena Pharm., Inc., No. 310CV01959CABBLM, 2019 WL 6700880, at *1 (S.D. Cal. Dec. 9, 2019) ("Schwartz's generalized statement that he would have spent the time he spent on this case "on other work" fails to provide any basis for determining whether Schwartz, as opposed to his company, lost any wages or income as a result of the time spent on this case.").

(b)      Cases involving individual lead plaintiffs are inapplicable here.  In addition, as the Court stated at the hearing, orders in cases awarding a dollar amount for costs and expenses without identifying the basis for those costs and expenses are not helpful in the absence of the underlying requests.  Lead Plaintiff did not supply the underlying documentation for the requests in those other cases.

(c)      Lead Plaintiff fails to submit any time records or proof of expenses.  And Gierer's request, based on a "conservative estimate" of hours spent on the case and an effective rate based on her salary, is not tied to any specific "regular business" Gierer would have attended to or to any specific monetary loss to the Lead Plaintiff as an institution.

---

[2] Lead Plaintiff submitted no other request for expenses

8.      Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED:  December 22, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

5